DEATON *v.* STATE.[*]

(Division A. Dec. 15, 1924.)

[102 So. 175. No. 24362.]

1. SEARCHES AND SEIZURES. *Search of outhouses under warrant for search of specified building, invalid.*

Search of outhouses on premises under warrant for search of building occupied by defendant *held* invalid.

2. OBSTRUCTING JUSTICE. *Owner may use reasonable force to resist officer attempting to search premises without valid warrant.*

Owner, who uses reasonable force in resisting officer who is attempting to search premises without a valid warrant, is not guilty of resisting officer attempting to execute legal writ of pro-

cess, in violation of Code 1906, section 1297 (Hemingway's Code, section 1030).

*Headnotes 1. Searches and Seizures, 35 Cyc., p. 1266; 2. Obstructing Justice, 29 Cyc., p. 1329.

APPEAL from circuit court of Lee county.

HON. C. P. LONG, Judge.

Van Deaton was convicted of opposing or resisting an officer attempting to execute legal process, and he appeals. Judgment reversed, and appellant discharged.

*Boggan, Leake & Boggan,* for appellant.

It is not contended by the state that either of the officers mentioned had any authority to go on the lands of, and to make any search or seizure thereon, except that authorized under the search warrant. And it is admitted by the state's witness, M. A. Crawford, who searched the dwelling of appellant that he offered no resistance and that no intoxicating liquors were found in said dwelling, and that all the resistance that was offered was a result of said officers attempting to search and seize some fruit jars and jugs and their contents that were found in the garage and another house, each some distance from said dwelling, that were not mentioned in said search warrant.

Jess Wade had no authority to execute a warrant that had been issued by him. We do not think that the facts in this case sustain the indictment and we believe that the opinion of the court so holds. We think the court below was right in holding that the search warrant did not authorize the search of any house except the dwelling, and in support of this we call the court's attention to the following authorities: 24 A. L. R. 1408; *Tucker* v. *State,* 128 Miss. 211, 90 So. 845; *Hill* v. *State* (1922), 129 Miss. 445, 92 So. 578; *Williams* v. *State* (1922), 129 Miss. 469, 92 So. 584; *Butler* v. *State* (1922), 129 Miss. 778, 93 So. 3; *Taylor* v. *State* (1922), 129 Miss.

815, 93 So. 355; *Miller* v. *State* (1922), 129 Miss. 774, 93 So. 2.

We think, however, the court is wrong in the statement of the law with reference to the appellant not having the right to resist the officer under the circumstances. Our understanding of the law is that if an officer without authority of the law undertakes to unlawfully make searches or seizures, the person whose premises are being searched may resist such person with such reasonable force as may be necessary to prevent the officer from carrying out his illegal purpose. Section 1204, Hemingway's Code. We realize that the force a person is authorized to use under such circumstances should be reasonable and not excessive. *Spradling* v. *State*, 80 Miss. 82, 31 So. 534, 25 A. L. R. 537.

If there was any question from the evidence in this case as to whether the force was reasonable or not the court should have submitted this question of fact to a jury under proper instructions. 2 R. C. L. 556; 1 R. C. L. Supp. 568.

*F. S. Harmon,* Assistant Attorney-General, for the state.

The specific question is raised as to what force, if any, the owner of premises may use in resisting an unauthorized search of outhouses when the officers entered and searched his dwelling lawfully. We state frankly to the court that its decisions relative to the search and seizure provisions of our constitution seem to indicate not only that evidence procured by these officers in the course of the search is incompetent, but that since the search of the outhouses was unlawful and unauthorized, appellant was justified in resisting such unlawful search by the use of reasonable force. The trial court apparently did not go into the question as to whether or not the force here exercised and the resistance here made was reason-

able, but quite frankly we find nothing in the record indicating that it was not reasonable.

No decision directly in point has come to our attention. *Spradly* v. *State,* 80 Miss. 82, relied on by appellant is not a direct authority, since the trespassers here were private persons and not officers. For the convenience of the court we shall now refer to a few cases bearing on the general subject, without regard to whether they are for or against the state, in an attempt to lighten a bit of the labors of the court. *People* v. *Ross,* 126 Pac. (Cal.) 375; 25 A. L. R. 539; 49 L. R. A. (N. S.) 770.

The attention of the court is called to section 969, Hemingway's Code, which declares that the involuntary killing of a human being, while such human being is engaged in the commission of a trespass or other injury to private rights or property, or is engaged in an attempt to commit such injury, shall be manslaughter.

This appears to be the only statute bearing at all on this question, and indicated that while a person is guilty of a crime in carrying resistance to the point of taking human life, any force less than that, which seems reasonably necessary for the protection of his private rights is permissible.

HOLDEN, J., delivered the opinion of the court.

Van Deaton appeals from a conviction on a charge that he "did then and there knowingly and willfully oppose M. A. Crawford, a legally authorized deputy sheriff of Lee county, Miss., while the said Crawford was legally attempting to execute a search of the premises, houses and outhouses occupied by said Deaton in said county and state; said Crawford having then and there a duly and legally executed search warrant for the search of said premises," etc.

The circuit judge heard the case and decided the appellant was guilty of "opposing or resisting an officer while attempting to serve or execute a legal writ or process," under section 1297, Code of 1906; section 1030, Hemingway's Code. The judge also decided the search warrant under which the officer was searching the outhouses for liquor was illegal because it did not cover the outhouse, but that notwithstanding this fact the appellant had no right to oppose the unlawful search by the use of force in preventing the search and seizure.

The record discloses that the deputy, Crawford, in company with another officer by the name of Jess Wade, obtained a search warrant to search the building occupied by the appellant. After searching this building, in which they found no liquor, they proceeded to search certain outhouses on the premises of appellant. Appellant objected to this latter search, on the ground that the officers had no search warrant to search these outhouses. They proceeded, however, in their unauthorized search, and several jugs of whiskey were discovered and seized, and appellant undertook to prevent the officers from taking the liquor or making further search of the outhouses. There seems to have been a dispute between Wade and appellant and a general scuffle between the officer Crawford and appellant, over the jugs of liquor, which in the scuffle were broken and the liquor destroyed. After this happened the officers left, and this charge and conviction followed.

We shall here set out the testimony of Officer Crawford which describes, in his own language, what happened between him and appellant with reference to the jugs of liquor. When the jugs of liquor came into view and the possession of them became disputed between the officers, and appellant, Crawford testified that the following incident took place:

"And Jess Wade hollowed, 'Look out! he's coming.' And Van came down there and he ran by the car, I

suppose he did, and got two jugs out of the car, and he come up to the door with a jug in his hand, and I pulled out my pistol and told him to stop, and he didn't stop, and I put it back in my pocket and grabbed him, and we went into a tight little scuffle, and in the scuffle the liquor was all destroyed. I didn't have time to know who done it; I was busy with Van. He was about as good a man as I was, and I was about as good a man as he was, and Jess Wade grabbed the jug and jumped out of the door, and somebody on the outside threw something at it and broke it; and Jess just ran on with the handle in his hand for a little piece and stopped, and I told Jess, 'You just as well stop, you ain't got nothing but the handle, and the thing is all over.' That's about as near what happened as I can tell it. We was all in a good humor.

"Didn't you state that you couldn't swear whether it was whiskey or not?

"I think I testified it was whiskey; smelt like whiskey: I didn't drink none of it, but it was poured all over me. If I had been set fire, I would have burned up in a few minutes."

The above testimony is sufficient to show what happened between the officer Crawford and the appellant, and also what opposition or resistance was made on the part of the appellant. It will be noted the court decided that the search warrant was invalid as to searching the outhouses, which decision is correct. So the question presented to us is whether or not one may lawfully oppose or resist an officer who is acting without lawful authority in the search of one's premises; or, we will say, is it lawful for the occupant of the premises to use reasonable force to repel the invasion of a trespasser who is attempting to search the premises? We think there is no criminal offense under such circumstances, and are unable to agree with the decision of the lower court that a trespasser may not be opposed by reasonable force.

It will be noticed above that the indictment upon which the appellant was convicted charges appellant with opposing the officer Crawford while searching the premises, he "the said Crawford having then and there a duly and legally executed search warrant for the search of said premises." The lower court having held that this part of the indictment had not been proven, because the search was illegal, we do not understand how the court reached the conclusion that the appellant was guilty "as charged in the indictment."

The record in the case shows the appellant used no unreasonable force in opposing the officer in the unlawful search of the premises. Crawford states in his testimony that "we was all in a good humor." No damage seems to have been done, except the loss of the outlawed liquor. In view of these conclusions, we are led to hold that the appellant is guilty of no offense, and therefore must be discharged.

*Reversed, and appellant discharged.*