KING *v.* STATE

No. 42503          February 4, 1963          149 So. 2d 482

*R. Jess Brown,* Jackson, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

McElroy, J.

The appellant was tried and convicted in the Court of the Justice of Peace of the Fourth District of Hinds County, Mississippi on a charge of interfering with an officer who was attempting to make an arrest, or obstructing justice. He appealed to the County Court of Hinds County, Mississippi where he was tried de novo and again convicted and sentenced to pay a fine of $300.00 and serve 120 days in jail. The conviction was reviewed on appeal by the Circuit Court of Hinds County, Mississippi and affirmed. The Circuit Court being of the opinion that a constitutional question had been raised, by order entered allowed an appeal to this Court.

This case involves a violation of Section 2294 of the Mississippi Code of 1942, Recompiled. This section is known as the obstructing justice statute.

On or about April 7, 1961, two county patrolmen of the Fourth Supervisors District of Hinds County, Mississippi were patrolling in a County Patrol car owned by Hinds County. The car was equipped with siren, two-way radio with the usual conspicuous antenna, and

four red lights on the front of the car. This occurred at the residence of the appellant at night around ten o'clock.

One of the officers testified as follows: "Well, we were running a car, chasing a car, and a car pulled in his driveway and we were pulling in behind this car. The driver of this car got out and ran. I had the red lights on my car, had blown my siren, and the boy got out of the car we were chasing and ran back to this house where the appellant, Samuel, lives. Samuel came out of the back or from the back of the house rather, or out of the back door, I don't know which, and Mr. Oliver Sanderford, the Deputy Sheriff with me, jumped out of the car and told Samuel to stop this boy, that 'this is the Deputy Sheriff,' so he got right in front of Mr. Sanderford and told Mr. Sanderford, 'What you all doing up here? This is my lot, my property. You all are trespassing. Get off of it.' That's where I met him." The record does not reveal why they were chasing the boy. There is no testimony in the record as to whether the person they were chasing had committed a felony, whether they had a warrant for his arrest, or whether he had committed an offense in the presence of the officers.

(Hn 1) Under Section 2294 of the Code of 1942, Recompiled, to constitute the offense of obstructing justice, the accused must intimidate or impede the officers in the discharge of their duties.

If these officers were not engaged in efforts to make a lawful arrest, they were trespassers.

Section 2470, Arrests — when made without warrant, Mississippi Code of 1942, Recompiled, states: "An officer or private person may arrest any person without warrant for an indictable offense committed, or a breach of the peace threatened or attempted in his presence; or when a person has committed a felony, though not in his presence; or when a felony has been committed

and he has reasonable grounds to suspect and believe the person proposed to be arrested to have committed it; or on a charge, made upon reasonable cause, of the commission of a felony by the party proposed to be arrested. And in all cases of arrests without warrant, the person making such arrest must inform the accused of the object and cause of the arrest, except when he is in actual commission of the offense or is arrested on pursuit.''

They did not claim to have a warrant for the fleeing man. They did not claim that a felony had been committed and that they had reason to believe that he was the guilty party. They offered no proof that he had committed a misdemeanor in their presence. In other words, they simply did not offer any proof to show that they were in the discharge of their duties.

The resistance a person may make to an illegal arrest is shown in 4 Am. Jur., Arrests, Sec. 92 at p. 63. ''The right of personal liberty is one of the fundamental rights guaranteed to every citizen, and any unlawful interference with it may be resisted. Every person has a right to resist an unlawful arrest; and, in preventing such illegal restraint of his liberty, he may use such force as may be necessary.''

In Merritt v. State, 5 So. 386, it is shown that the indictment charges that the appellant resisted an officer in the discharge of his official duty. The evidence totally fails to establish any offense. It does not show that Green, who is said to have been resisted, was an officer. It fails to show that any offense was committed by Williams for which Green, if an officer, was authorized to arrest. The judgment was reversed.

Pettis v. State, 48 So. 2d 355 is a case where the Sheriff and Deputy Sheriff invaded the home of the accused for the purpose of arresting another person without a warrant for an illegal misdemeanor by such other person not committed in their ·presence, and ac-

cused resisted Sheriff's entry. Their action in invading the home of the accused was held unauthorized and acts of accused in resisting were not unlawful. The Court held that their act in invading the premises of the appellant for the purpose of making an unlawful arrest was a plain violation of Section 23 of the Mississippi Constitution of 1890, which is as follows:

"The people shall be secure in their persons, homes and possessions, from unreasonable seizure or search; and no warrant shall be issued without probable cause, supported by oath or affirmation, specially designating the place to be searched and the person or thing to be seized."

The same was held in Deaton v. State, 137 Miss. 164, 102 So. 175. The Court held here also that the owner who uses reasonable force in resisting an officer who is attempting to search the premises without a valid warrant is not guilty of resisting an officer attempting to execute legal writ of process in violation of Section 1297, Code of 1906, which is Section 2293 of the Code of 1942. The case was reversed and the appellant discharged in these cases.

The cases are too numerous to cite that the state must prove there has been some violation of the law or that they have a warrant for the arrest of the defendant, and this must be shown in the record in order to make out a prima facie case for the state. The case is therefore reversed and the appellant discharged.

Reversed and appellant discharged.

*Lee, P. J., and Arrington, Ethridge, and Gillespie, JJ.,* concur.