FLETCHER *et al. v.* STATE.

(Division A. Dec. 8, 1930.)

[131 So. 251. No. 28967.]

Luther W. Maples, of Gulfport, for appellant.

Broom & Gober, of Jackson, for appellants.

44

**W. A. Shipman,** Assistant Attorney-General, for the state.

**McGowen, J.,** delivered the opinion of the court.

Appellants were indicted, tried, and convicted on a charge of grand larceny—the stealing of a calf, the property of A. P. Mixon, in George county—and sentenced to serve a term of two years in the state penitentiary, and appeal here.

We shall not detail the facts, but only such as are necessary to understand the points decided.

1. The court permitted the arresting officer, Lowd, to testify as to the confession of the appellant Tootle without showing that the statement was freely and voluntarily made.

After considerable evidence had been heard as to whether or not the arrest was lawful, this occurs in the record:

"Q. Were you present when anybody questioned them? A. Gabrich questioned Tootle.

"Q. What did Tootle say about this yearling? A. Tootle owned up to it.

"Q. What did he say? A. He said they stole the calf up here."

Then follows the cross-examination and redirect-examination of the district attorney, and this is quoted literally:

"By THE COURT: Q. What did you say that Tootle said about this calf? A. He acknowledged to taking the calf —to stealing the calf.

"Q. Just what did he say? A. I did not pay a lot of attention to it. Mr. Gabrich was questioning him, and he walked in there and I did not stay in there long.

"Q. He did not tell you who he got it from? A. No, sir. I just overheard the conversation, and I overheard that much of it."

In a recross-examination it developed that the witness did not know what was said to the defendant by Gabrich or what was said by Tootle, the defendant, before or

after he heard this fragment of a conversation. Thereupon the appellants moved to exclude this statement, because the witness did not know under what condition the confession was made, nor could he give the substance of same or the language used. The court overruled the motion.

The evidence admitted by the court, over the objection of the appellants, was damaging in the extreme. There is no showing as to whether or not this statement was freely and voluntarily made; and it is unnecessary to cite authorities to show that, when such testimony is objected to, the court should conduct an examination to ascertain whether or not the confession was freely and voluntarily made by the accused; and, if not, it should be excluded.

2. Without this confession in the record, there was no evidence that the calf was stolen, the only evidence on that point being that, after the officers found the calf in the back of the defendants' car, Mr. Mixon subsequently claimed the calf, a neighbor testified that the calf belonged to Mr. Mixon, and the wife of Mr. Mixon, he having died previous to the trial of this case, testified that she turned the calf out to range one evening, that it did not return the following morning, and that the next time she saw the calf was when her husband brought it with him on a return trip from Biloxi, Mississippi. It is not shown whether or not Mixon made disposition of the calf.

The state must prove that the personal property was stolen to sustain a charge of larceny.

3. It is claimed that the evidence of the officer Lowd as to the finding of the calf concealed in the back of the car is incompetent, because the arrest of the defendants was made without a warrant, and therefore unlawful.

It is sufficient to say that this record does not disclose that the officer had any suspicion or information that these appellants had possession of stolen property, or

that they had committed a felony of any kind. About three or four o'clock in the morning the officer was called by Mr. Orr, because the car of these two appellants was parked on the street near his place of business, a garage, and he thought they were acting suspiciously. Orr told the officer that one of the appellants had walked on his property and had moved a very heavy automobile transmission a few feet on an uninclosed lot of his connected with his premises, adjacent to the street, but that he did not remove it from the lot. The appellants had driven down the street away from the immediate vicinity of Orr's premises when the officer arrested them. The witness stated that he arrested the appellant Tootle for a trespass, and the record shows that an affidavit was made against them for a misdemeanor, because they were tried in the Biloxi city court and appealed therefrom.

In this state of the case, the arrest for trespass was unlawful, being made without a warrant. It may be even questioned whether the evidence shows that a trespass had been committed. However, if committed, the officer did not see it, the misdemeanor was not committed in his presence. The only authority for an arrest without a warrant is found in section 1265, Hemingway's Code 1927, section 1447, Code 1906, "an officer or private person may arrest any person without warrant, for an indictable offense committed, or a breach of the peace threatened or attempted in his presence; . . . or when a felony has been committed, and he has reasonable ground to suspect and believe the person proposed to be arrested to have committed it."

In Bird v. State, 154 Miss. 493, 122 So. 539, this court held: "It is well settled that an officer may make an arrest for a misdemeanor committed in his presence or for a felony that has been committed where he has probable cause to believe that the person arrested has committed the felony, and as an incident of such arrest may search the person of the person arrested to see that he is not

armed and to take from him instruments that might facilitate an escape, and may also take from the person instruments of evidence that may tend to establish a commission of the crime for which he is arrested, and things so taken from the person under such circumstances may be admitted in evidence when they tend to establish the crime with which he is charged.''

In Toliver v. State, 133 Miss. 789, 98 So. 342, the court held that, upon a proper warrant, the search of an automobile might be made by the officer arresting the owner of the automobile, and that evidence tending to show guilt of the crime of having possession of intoxicating liquor found therein, was competent.

In Moore v. State, 138 Miss. 116, 103 So. 483, 484, this court said: ''An arrest at common law has always been permissible without a warrant if made on probable cause therefor. For a misdemeanor when committed in the presence of the person making the arrest, and for a felony, though not committed in the presence of the person making the arrest on probable cause therefor.'' In the instant case, the officer himself said he made the arrest for a trespass without a warrant, and that the trespass was not committed in his presence.

At the time of the arrest, the appellant had driven away from Orr's premises, and had not taken any property therefrom. On this record, the evidence was incompetent, and the court below should have excluded it. For the errors indicated herein, this case will be reversed and remanded.

Reversed and remanded.