# Pettis *v.* State.

Division B. Nov. 6, 1950.

No. 37656 (48 So. (2d) 355)

**J. H. Stevens,** for appellant.

**George H. Ethridge,** Assistant Attorney General, for appellee.

**Arrington, C.**

The appellant was convicted for unlawfully resisting J. F. Green, sheriff of Greene County, while he was in

the act of arresting one Johnny Bolton, and was sentenced to serve a period of six months in jail and to pay a fine of $300.00, ninety days of the jail sentence and $150.00 of the fine to be suspended pending good behavior. The indictment was based on Section 2293, Code of 1942, and, omitting the formal parts, it reads as follows: ". . . did knowingly and unlawfully oppose and resist J. F. Green, who was then and there sheriff of Greene County, Mississippi, in attempting to arrest Johnny Bolton who was guilty of a crime in which said sheriff was then and there in the act of arresting or attempting to arrest contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Mississippi."

The facts in this case are as follows: The sheriff of Greene County and his deputy had located some whiskey in a house about a quarter of a mile from the place of business and residence of the appellant, Leola Pettis. According to the testimony of the sheriff, he apprehended a colored man in the shack where the whiskey was found, who had the keys, using his language, to the place of abode of Leola Pettis and Johnny Bolton. The deputy sheriff testified that the whiskey they located belonged to Johnny Bolton. Johnny Bolton at this time was asleep in the home of Leola Pettis, the appellant. According to the evidence, she also operated a business at her residence. The sheriff, upon locating the whiskey, sent the deputy sheriff to the home of Leola Pettis to arrest Johnny Bolton. The appellant objected to the deputy sheriff's going into her home to arrest Johnny Bolton. The deputy then returned to the house where the sheriff was, and he and the sheriff returned to the home of Leola Pettis to arrest the said Bolton.

According to the evidence of the deputy sheriff, the sheriff did not ask the appellant if he could go into the house, but he proceeded in, and she grabbed him by the arm; that the sheriff jerked away and continued on into the appellant's home. The sheriff on this point testified

as follows: ''We went in, and as I started into the place, she jumped up and grabbed me, and when she did I hit her with a black-jack and went on in. Smith was behind me. I left her. She came on in behind me and then Smith. She came in there. And, to begin with, she wanted to know on the outside, she wanted to know what we wanted. I said, 'We came to arrest Johnny Bolton'. She says, 'You can't go in there'. I said, 'He is in there'. She said, 'Yes' we couldn't go, so we did go. We went on in, and she just continued to come into us, fighting us. She was drunk, and we kept her knocked off with those black-jacks around there, and she started into the room where Johnny was, and we pulled her out of there.''

The sheriff and deputy sheriff both testified that they did not have a warrant for the arrest of Johnny Bolton, neither did they have a search warrant for the premises of the appellant, Leola Pettis. With reference to an arrest without a warrant, Section 2470, Code of 1942, is as follows: ''An officer or private person may arrest any person without warrant, for an indictable offense committed, or a breach of the peace threatened or attempted in his presence; or when a person has committed a felony, though not in his presence; or when a felony has been committed, and he has reasonable ground to suspect and believe the person proposed to be arrested to have committed it; or on a charge, made upon reasonable cause, of the commission of a felony by the party proposed to be arrested. And in all cases of arrests without warrant, the person making such arrest must inform the accused of the object and cause of the arrest, except when he is in the actual commission of the offense, or is arrested on pursuit.''

Under this statute an officer cannot arrest a person without a warrant for a misdemeanor not committed in his presence. This has been held in a number of cases. Butler v. State, 135 Miss. 885, 101 So. 193; Orick v. State, 140 Miss. 184, 105 So. 465; Fletcher, et al. v. State, 159 Miss. 41, 131 So. 251; Lewis, et al. v. State,

198 Miss. 767, 23 So. (2d) 401, 402. In the case of Lewis et al. v. State, supra, the Court said: "The arrest of Mattie Lee Lewis was illegal for the reason that the sheriff had no warrant therefor and she had not committed any crime in his presence, consequently the search of her person, by means of which the key to the room containing the whiskey was found, was illegal and therefore the evidence obtained thereby should have been excluded. The judgment of the court below as to her will be reversed and (as to her) the cause will be remanded." We cite also the recent case of Thomas v. State, 208 Miss. 264, 44 So. (2d) 403, and authorities there cited.

From this record the evidence shows that Johnny Bolton had not committed any crime in the presence of the officers, and it follows that they had no authority under law to arrest Johnny Bolton, without a warrant, for an alleged misdemeanor not committed in their presence.

As heretofore stated, the sheriff and deputy sheriff admitted that they did not have a search warrant for the premises of the appellant, Leola Pettis, and it follows that their act in invading the premises of the appellant for the purpose of making an unlawful arrest was a plain violation of Section 23, Mississippi Constitution of 1890, which is as follows: "The people shall be secure in their persons, houses, and possessions, from unreasonable seizure or search; and no warrant shall be issued without probable cause, supported by oath or affirmation, specially designating the place to be searched and the person or thing to be seized." Tucker v. State, 128 Miss. 211, 90 So. 845; Falkner v. State 134 Miss. 253, 98 So. 691.

 In Deaton v. State, 137 Miss. 164, 102 So. 175, the Court held that an owner who uses reasonable force in resisting an officer who is attempting to search premises without a valid warrant is not guilty of resisting an officer attempting to execute legal writ or process in violation of Section 1297, Code of 1906, Section 1030, Hemingway's Code, same as Section 2293, Code of 1942.

■ ■ Under the facts in this case the acts of the sheriff and the deputy sheriff were unlawful in arresting Johnny Bolton without a warrant for an alleged misdemeanor not committed in their presence. Likewise, their acts in invading the home of the appellant, Leola Pettis, were unauthorized and unlawful. The lower court erred in overruling the requested motion for peremptory instruction.

Reversed and appellant discharged.

PER CURIAM.

The above opinion is adopted as the opinion of the Court, and for the reasons therein indicated the case is reversed and the appellant discharged.