## STATE v. BRUCE STEPHEN BARTHOLD.

110 N. W. (2d) 493.

September 8, 1961—No. 38,528.

*Louise Miller O'Neil,* for relator.

*Robert Swords,* Corporation Counsel, and *Gerald C. Rummel,* Assistant Corporation Counsel, for city of St. Paul.

FRANK T. GALLAGHER, JUSTICE.

On the evening of June 17, 1961, relator was arrested by two St. Paul police officers in front of his home. A complaint against him for the commission of certain misdemeanors had been sworn to and signed by one of the officers on June 14, 1961, whereupon two warrants were issued by the deputy clerk of the municipal court of St. Paul on the same day. The warrants were at the police station at the time of the arrest, and prior to the arrest the two arresting officers had checked with the police station and were informed by the lieutenant there that the warrants had been issued for relator's arrest and that they should arrest him.

Relator's only objection is that the officers did not have the warrants in their possession at the time of the arrest. Minn. St. 629.32, as far as applicable here, provides as follows:

"* * * An arrest by a peace officer acting under a warrant is lawful even though the officer does not have the warrant in his possession at the time of the arrest, but if the person so requests the warrant shall be shown to him as soon as possible and practicable. An arrest may lawfully be made by a peace officer when advised by any other peace officer in the state that a warrant has been issued for that person."

It appears from the return and affidavits on file here that the warrants were shown to relator after he arrived at the police station.

According to respondent's brief, relator contended before the municipal court that § 629.32 applied only to felonies or gross misdemeanors where the offense occurred in one jurisdiction and the person for whom the warrant was issued was in another jurisdiction. We find no language or indication in the statute which would justify such a construction. Accordingly the arrest must be held proper.

Relator further states in his affidavit that he called the police department to see if the warrants were there. He claims that the officer who answered the telephone assured him that they were and said, "If we have to send another squad out with the warrants, we will hold you without bail, but if you come now, we will release you on bail." If relator's story is correct, we cannot condone such a statement. We agree with respondent that under the circumstances here such a statement would have no effect on the propriety of the arrest. However, the purposes of making such a statement are questionable since the right to bail is absolute and only the question of amount is left to discretion. State v. Pett, 253 Minn. 429, 92 N. W. (2d) 205.

Writ discharged.