FRANK JONES, ALIAS "BLACK FRANK" *v.* STATE

No. 43068          June 1, 1964          164 So. 2d 799

APPEAL from the Circuit Court of Rankin County; O. H. BARNETT, Judge.

*John R. Poole,* Jackson, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

GILLESPIE, J.

Appellant was arrested in March 1954 and charged with the December 19, 1953 burglary of Charlie Ponder's Store in Brandon, Rankin County, Mississippi. He confessed and an affidavit was made before a city judge charging him with the crime. Appellant was then released to Humphreys County, Mississippi, where he was indicted and tried for another burglary and sentenced to serve five years in the penitentiary. Thereafter he was tried in Sharkey County, Mississippi, for grand larceny and sentenced to serve an additional four years in the penitentiary. He was admitted to the penitentiary on July 25, 1954, and served continuously until September 16, 1961. He was given some time off for good behavior and was turned over to Rankin County upon his release on September 16, 1961.

After appellant's release from the penitentiary he was returned to Rankin County where he was indicted in January 1962 for the December 19, 1953 burglary of Charlie Ponder's Store. Continuances were granted at appellant's request and he was tried and convicted January 23, 1963, and sentenced to serve three years in the penitentiary. This appeal is from that judgment of conviction.

Appellant filed a motion to quash or dismiss the indictment on the ground that he had been denied the right of a speedy trial guaranteed by Section 26 of the Constitution of the State of Mississippi. The motion alleged, and the proof showed, that during the time intervening between the date of the crime and the trial, the following occurred: (1) The judge before whom the original affidavit was made died and the file was lost; (2) the memory of the witnesses was impaired to the extent that

they could not recall some of the salient facts concerning the crime; (3) the defendant's attorney had died; (4) the detainer or "hold order" placed with the superintendent of the penitentiary had resulted in the denial of privileges, including the granting of a parole.

The court overruled the motion to quash and dismiss the indictment and this is the only assignment of error. The question is: Whether appellant was denied a speedy trial within the meaning of Sec. 26 of the Constitution of Mississippi which provides that in all prosecutions by indictment or information, the accused shall have the right to a "speedy and public trial by an impartial jury. . ."

██ ■ Sec. 2518, Mississippi Code 1942, provides that "all indictments shall be tried at the first term, unless good cause be shown for continuance. . . . ." Sec. 2473, Miss. Code 1942, provides that "every person making an arrest shall take the offender before the proper officer without unnecessary delay for examination of his case." Appellant was never taken before a magistrate and charged with the crime although an affidavit was made against him. In Sheffield v. Reece, Sheriff, 201 Miss. 133, 28 So. 2d 745, this Court held that the requirement that an offender shall be taken before the proper officer without unnecessary delay for examination of his case is in furtherance of the legislative purpose to insure a speedy and public trial as guaranteed by Sec. 26 of the Constitution of 1890.

In Nixon v. State, 2 S. & M. (10 Miss.) 497, 41 Am. Dec. 601, the Court said: "By a speedy trial is then intended, a trial conducted according to fixed rules, regulations, and proceedings of law, free from vexacious, capricious, and oppressive delays, . . . ."

██ ■ The authorities agree that the law does not exact or impose extraordinary efforts on the part of the representatives of the State and the State is not to be deprived of a reasonable opportunity of preparing

for trial and fairly prosecuting persons charged with a crime. 14 Am. Jur., Criminal Law, Sec. 18, p. 859. We hold that where the State knows the identity of the accused, has the accused in custody, obtains a confession, and holds the accused in the penitentiary for a period of over eight years, during which time the accused has suffered the disadvantages as stated herein, then the delay is vexacious, capricious, and oppressive, and the accused has been denied a speedy trial as contemplated by the Constitution. This is in accord with the cases from the States where similar questions have arisen. 118 A.L.R. 1037; State v. Milner, et al (Ohio), 149 N. E. 2d 189; State v. Brockelman, 173 Kan. 469, 249 P. 2d 692; Arrowsmith v. State, 131 Tenn. 480, 175 S. W. 545.

The State filed what amounts to no answer to the brief of appellant. It cites only one case, Burton v. State, 226 Miss. 31, 79 So. 2d 242. That case involved the question of double jeopardy and the matter of a speedy trial was not raised or considered and is no authority on the question before the court.

Reversed and appellant discharged.

*Kyle, P. J., and Ethridge, Brady and Patterson, JJ.,* concur.