208 So.2d 746 (1968)
Bill B. SMITH (also known as Bilbo Smith)
v.
STATE of Mississippi.
No. 44741.
Supreme Court of Mississippi.
April 1, 1968.
L. Lackey Rowe, Jr., Jackson, for appellant.
Joe T. Patterson, Atty. Gen., by G. Garland Lyell, Jr., Asst. Atty. Gen., Jackson, for appellee.
ETHRIDGE, Chief Justice:
Bill B. Smith, appellant, was convicted in the Circuit Court of Claiborne County of resisting arrest and was sentenced to serve sixty days in the county jail. Miss.Code 1942 Ann. § 2293 (1956).
An affidavit was made against Smith in a justice of the peace court charging him with reckless driving, a misdemeanor, and a warrant was issued for his arrest on this charge and transmitted to the sheriff. The arrest warrant remained in the sheriff's office during the episode upon which this case is based. Under the sheriff's instructions, a deputy went to Smith's home to arrest him on the reckless driving charge. The deputy advised Smith that he had a warrant for his arrest on a charge of reckless driving, and instructed him to come with him. Smith asked to see the warrant for his arrest. The deputy replied that he did not have it with him, but that it was at the sheriff's office and Smith could see it when they arrived *747 there. However, Smith stated that he would have to see the arrest warrant before he would submit to arrest. He resisted the deputy who attempted to take him in. The deputy then called the sheriff, who came out to assist his deputy but did not bring the warrant. When Smith again refused to submit to the arrest without the warrant, the officers forcibly put him in their car. On these facts the present charge of resisting arrest by an officer was made against him, and this conviction followed.
The offense of resisting arrest presupposes a lawful arrest. A person has a right to use reasonable force to resist an unlawful arrest. Pettis v. State, 209 Miss. 726, 48 So.2d 355 (1950); Craft v. State, 202 Miss. 43, 30 So.2d 414 (1947); 5 Am.Jur.2d Arrest § 94 (1962). The officer sought to arrest appellant for a misdemeanor, reckless driving. Although the arrest warrant for this misdemeanor had been issued and was in the sheriff's office, the arresting officer did not have the warrant in his possession at the time of arrest.
In the absence of a statute to the contrary, and there is none in Mississippi, under the overwhelming weight of authority an officer making an arrest for a misdemeanor not committed in his presence must have the warrant for such arrest in his actual possession if the arrest is to be lawful. Restatement (Second) of Torts § 126 (1965); 1 Alexander, The Law of Arrest § 92, at 477 (1949); 5 Am.Jur.2d Arrest § 72 (1962); 6 C.J.S. Arrest § 4(c) (1937); Fisher, Laws of Arrest § 54, at 114-15 (1967); Prosser, The Law of Torts § 25 (3d ed. 1964).
Mississippi Code 1942 Annotated section 2470 (1956) does not deal with this particular question. It provides:
An officer or private person may arrest any person without warrant, for an indictable offense committed, or a breach of the peace threatened or attempted in his presence; or when a person has committed a felony, though not in his presence; or when a felony has been committed, and he has reasonable ground to suspect and believe the person proposed to be arrested to have committed it; or on a charge, made upon reasonable cause, of the commission of a felony by the party proposed to be arrested. And in all cases of arrests without warrant, the person making such arrest must inform the accused of the object and cause of the arrest, except when he is in the actual commission of the offense, or is arrested on pursuit.
Under section 2470 an officer cannot arrest a person without a warrant for a misdemeanor not committed in his presence. Pettis v. State, 209 Miss. 726, 48 So.2d 355 (1950); Butler v. State, 135 Miss. 885, 101 So. 193 (1924). However, the statute does not answer the inquiry as to whether the arresting officer must have physical possession of the warrant at the time of the arrest in order to make the arrest lawful. Cf. State v. Barthold, 261 Minn. 78, 110 N.W.2d 493 (1961); Fisher, Laws of Arrest § 54 (1967). Code section 2470 has not expanded the common law rule. Accordingly, we hold that an officer making an arrest for a misdemeanor not committed in his presence must have the warrant in his actual possession if the arrest is to be lawful, and that he must show it to the accused, if requested to do so.
Since the arrest warrant was not in the officer's possession, the arrest was unlawful. Hence the charge of resisting arrest cannot stand, since appellant had the right to resist in a reasonable manner the unlawful arrest. For these reasons, the conviction is reversed and appellant is discharged.
Reversed and appellant discharged.
JONES, PATTERSON, INZER and ROBERTSON, JJ., concur.