212 So.2d 573 (1968)
William Edward BUTLER, alias Peck Butler
v.
STATE of Mississippi.
No. 44914.
Supreme Court of Mississippi.
July 8, 1968.
*574 Lawrence D. Arrington, Hattiesburg, for appellant.
Joe T. Patterson, Atty. Gen., by, Guy N. Rogers, Asst. Atty. Gen. and Laurence Y. Mellen, Special Asst. Atty. Gen., Jackson, for appellee.
JONES, Justice.
This case comes from the Circuit Court of Forrest County, in which appellant was convicted of carrying a concealed weapon. Having previously been convicted of a felony, he was sentenced to a term of three years in the penitentiary.
Mr. James E. Owen was a police officer with the Hattiesburg Police Department. On May 2, 1967, about 6:20 a.m., the appellant was alone, driving a 1967 yellow Lincoln sedan in the City of Hattiesburg. Mr. Owen testified that he participated in the arrest of appellant and as an incident to the arrest, searched the defendant's automobile, in the glove compartment of which he found a Smith and Wesson .32 caliber revolver. The following objection by the defense counsel was made to further questioning regarding the pistol:
We will object, if the Court please, to any introduction or any comment on any weapon obtained by an illegal search in the arrest of the Defendant.
BY THE COURT: Overruled.
The district attorney then examined Mr. Owen further:
Q. [D]id you have a warrant for the arrest of this Defendant?
A. There was a warrant on file at the police station 
Q. All right.
A. * * * and I had knowledge of the warrant, and 
Q. All right, just answer my questions. You had a warrant, did you?
A. Yes, Sir.
Officer Owen also testified that there were some cartridges in the glove compartment, and further said, "This is the revolver, those are the cartridges taken from the revolver, yes, Sir." At this point the district attorney offered for identification the revolver, one empty shell and five cartridges. The attorney for the defendant stated:
If the Court please, we would object to the marking of this evidence 
* * * * * *
BY THE COURT:
Let them be marked for identification only at this time.
On cross-examination the witness was asked:
Q. Mr. Owen, when you arrested the Defendant, Mr. Butler, did you have a warrant in your possession? I misunderstood *575 what you said. A warrant for his arrest.
A. There was a warrant on file at the police station.
* * * * * *
A. They have a clip board, and they advised me by radio.
* * * * * *
Q. Do you know exactly what that warrant was? What was the man charged with?
A. Assault and battery.
Q. Where was he sitting in the car when you drove up to him, or when you approached him?
A. The car was in motion. He was behind the wheel of the car. It was in motion.
Q. Did you pull up beside him and say pull over?
A. I pulled up behind him and turned on the red light and the siren.
Q. Did he then stop immediately?
A. Yes, Sir.
Q. Then what happened?
A. I asked him to get out of the car and asked him if he was Peck Butler, and he advised me that he was and I advised him that he was under arrest for assault and battery.
Q. Did he get out of the car when you asked him to?
A. Yes, Sir, he did.
He was also asked on cross-examination:
Q. Did you have a search warrant upon you at the time you searched the vehicle?
BY HON. JAMES FINCH:
Object. He didn't need one, Your Honor.
BY THE COURT:
Well he can answer the question.
A. No, Sir, I didn't.
Mr. Owen also was asked on cross-examination:
Q. When you told Mr. Butler he was under arrest, did you take him and then put him in your car, in your patrol car?
A. After I had finished, completed the search of his car, yes, I did.
The witness said after the arrest the car was impounded and appellant was carried to the police station, where he was booked on an assault and battery charge and with carrying a concealed weapon. This was the first time any charge was made for carrying a concealed weapon. At the police station, the pistol was delivered to Detective Creel.
The other officer participating in the arrest, Mr. Hopstein, testified, and there was no discrepancy between his testimony and that of Mr. Owen. The district attorney handed him the pistol and asked him to examine it. Thereupon attorney for the appellant again objected:
We would object to any testimony and the witness looking at the evidence as having been illegally obtained by illegal search and seizure.
This objection was overruled by the court.
Mr. Hopstein said that the arrest warrant for assault and battery was on file at the police station, and that neither he nor Mr. Owen had a warrant with them. He further testified that when they stopped appellant or started in pursuit, he was committing no crime of any sort. This witness also admitted they had no search warrant.
Mr. Creel, the detective, was introduced. In response to a question, he stated: "I received a thirty-two caliber " and at this point another objection was made by attorney for appellant on the ground that it had been illegally obtained. The objection was overruled. After the detective had identified the pistol, it was offered into evidence *576 by the district attorney, and its introduction was objected to by attorney for appellant. The objection was overruled. When the State rested, the following motion was made by appellant:
The defendant respectfully moves the Court to exclude the evidence and testimony of the State and to direct a verdict for the defendant for the following:
The gun in question was illegally obtained from the defendant without a search warrant. * * * Number three, the arrest of the defendant without a warrant is illegal when no crime has been committed in the presence of the arresting officer.
BY THE COURT:
Overruled. * * *
This proof is uncontradicted and there is immediately presented the issue as to whether such evidence brings this case, as to arrest, without the purview of Smith v. State, hereafter discussed. We hold it does not.
The authority of an officer to arrest in Mississippi is fixed by Mississippi Code 1942 Annotated section 2470 (1956), as follows:
An officer or private person may arrest any person without warrant, for an indictable offense committed, or a breach of the peace threatened or attempted in his presence; or when a person has committed a felony, though not in his presence; or when a felony has been committed, and he has reasonable ground to suspect and believe the person proposed to be arrested to have committed it; or on a charge, made upon reasonable cause, of the commission of a felony by the party proposed to be arrested. And in all cases of arrests without warrant, the person making such arrest must inform the accused of the object and cause of the arrest, except when he is in the actual commission of the offense, or is arrested on pursuit.
The first clause applies to a misdemeanor, and an officer cannot arrest a person for a misdemeanor not committed in his presence except with a warrant. See Pettis v. State, 209 Miss. 726, 48 So.2d 355 (1950), and the authorities therein cited.
In the recent case of Smith v. State, 208 So.2d 746 (Miss. 1968), this Court held that, under our statute and under the overwhelming weight of authority, an officer making an arrest for a misdemeanor not committed in his presence must have the warrant for such arrest in his actual possession if the arrest is to be lawful. An officer without a warrant cannot arrest a person for a mere misdemeanor not committed in his presence. Orick v. State, 140 Miss. 184, 105 So. 465, 41 A.L.R. 1129 (1925).
Every search and seizure is unreasonable where it is not made according to law. Adams v. State, 202 Miss. 68, 30 So.2d 593 (1947). This Court has held many times that a search incident to an unlawful arrest is a violation of the constitutional provision against unreasonable searches and seizures. Terry v. State, 252 Miss. 479, 173 So.2d 889 (1965); Pettis v. State, supra. A search incident to a lawful arrest is not unreasonable. Bird v. State, 154 Miss. 493, 122 So. 539 (1929).
Evidence obtained by an unlawful search was first declared inadmissible in evidence in this state in Tucker v. State, 128 Miss. 211, 90 So. 845, 24 A.L.R. 1377 (1922), which has been followed constantly since.
Who has the burden of proof to establish a lawful arrest? Of course, if an officer has in his possession a valid warrant and serves it properly, there is no question. However, an officer undertaking to search without a warrant is not the final judge of the probable cause or the sufficiency of the information, but the trial court determines that issue, regardless of the good faith of the officer. Brown v. State, 149 Miss. 219, 115 So. 436 (1928); McNutt v. State, 143 Miss. 347, 108 So. 721 (1926).
*577 In the recent case of Clay v. State, 184 So.2d 403 (Miss. 1966), the appellant there was indicted for larceny of some seven hundred dollars obtained by means of a confidence game known as "pigeon dropping." Weeks after the alleged crime, he was in an automobile owned and driven by another. A policeman stopped the car and ordered the occupants to follow him to the city hall. It was claimed that his arrest was illegal. There was no showing that the policeman had a warrant, and the testimony of the appellant that he was not informed of the object and cause of the arrest, as required by the last sentence of section 2470, supra, was not denied. This Court held there was a prima facie case of illegal arrest and thereupon the burden was on the State to prove a legal arrest. The State failed to meet this burden, and evidence obtained as a result of said arrest was held inadmissible.
6 C.J.S. Arrest § 5a, at 580 (1937) states the rule:
In the arrest of a person without a warrant, the burden of proof is with the person arresting or causing the arrest to show that the arrest was lawful.
Under this statement cases are cited from federal district courts in Hawaii, New York, and the District of Columbia, and also from the state courts of Iowa, New York, and Oklahoma. No cases to the contrary are cited.
The same rule is found in 5 Am.Jur.2d Arrest section 24 at 714 (1962):
[W]hen the defendant, at the preliminary hearing or at the trial, establishes that he was arrested without warrant, the burden rests on the prosecution to show a proper justification for such an arrest.
The following cases, in addition to Clay v. State, supra, show that this rule applies in Mississippi: Barnes v. State, 249 Miss. 482, 162 So.2d 865 (1964); One 1948 Pontiac Automobile v. State, 221 Miss. 352, 72 So.2d 692 (1954); Haney v. State, 43 So.2d 383 (Miss. 1949); Shedd v. State, 203 Miss. 544, 33 So.2d 816 (1948); King v. State, 147 Miss. 31, 113 So. 173 (1927).
The officers here admitted the man was committing no crime in their presence, admitted they had no warrant with them for his arrest, and made no claim of his having committed any felony or their suspecting him of having committed one. It was attempted to show the validity of the arrest by the presence in police headquarters of a warrant for assault and battery. Neither the warrant nor the affidavit upon which it was issued was introduced in evidence. The record does not disclose the acts which constituted the assault and battery alleged. As far as this record goes, the facts may have shown only that he slapped someone.
At common law assault or aggravated assault is ordinarily held to constitute a misdemeanor. The status of statutory assaults as felonies or misdemeanors depends, of course, on the specific statutes defining them. 6 C.J.S. Assault and Battery §§ 58-59 (1937).
Section 2560 Mississippi Code 1942 Annotated (1956) provides that every offense not covered by our statutes shall be indictable as heretofore in common law. Section 2561 provides that offenses at common law, even though they are indictable and punishable by special statutory provision, may be indicted as described or charged according to the common law or according to the statute. Section 2562 provides that when no penalty is provided by statute and where offenses are indictable at common law but no statutory penalty is prescribed, the punishment shall be a fine of not more than $500 and imprisonment in the county jail for not more than six months, or either.
Where the State desires to raise a common law offense insofar as punishment therefor is concerned, or its classification, it does so by enactment of a statute. Our statutes on assault and battery are Section 2011, which covers assault and battery with intent to kill; Section 2012, assault and battery with cowhide or a *578 whip; and Section 2013, assault and battery by pointing or aiming a gun. Many cases of assault and battery, such as a fist fight, are not covered by statute and depend on the common law.
An indictment or information charging an aggravated assault must allege every element of aggravation that, under the particular statute, is essential to render the assault aggravated; when the manner of committing the crime is an essential part of the statutory definition of an aggravated assault and battery, this manner must be alleged in the indictment or information. 6 Am.Jur.2d Assault and Battery § 91 (1963).
Under the proof in this case the State did not meet its burden of showing a lawful arrest in that it is not shown the warrant was for more than a misdemeanor. Evidence as to the possession of a pistol and the pistol itself was inadmissible.
The case is therefore reversed and the appellant discharged.
Reversed and appellant discharged.
All Justices concur except GILLESPIE, P.J., dissenting.
GILLESPIE, Presiding Justice (dissenting).
The rules of law stated in the majority opinion are correct and I have no disagreement therewith. Nor are the facts in dispute. The question that concerns me, and compels me to dissent, is the application of the rules relied upon by the majority in the decision of this case. As is often the case in difficult cases, the problem is not what the law is, but its application. This is particularly true when competing considerations lay claim to the court's power.
The review of an officer's actions in making an arrest without a warrant requires striking a proper balance between (1) considerations concerning the rights of the individual arrested, and (2) considerations with respect to the responsibility of police officers for the safety and protection of the community as a whole by proper enforcement of the law and the apprehension of those charged with crime. Finding the proper formula for this part of the judicial function is not easy. The Court reviews these matters in a calm and reflective atmosphere with all the advantages of retrospect. The officer, who must act in haste on the actual "firing line," should only be held to the standard of reasonableness under the circumstances. Reasonableness is the test when the question involves probable cause both under our statute and the Constitutions. I cannot find any basis for holding that the officers in the present case were unreasonable and I do not think their actions should be held to be unlawful.
In my opinion, the judgment of the trial court should be affirmed in this case for the following reasons: (1) The official broadcast for the arrest of appellant on a warrant of assault and battery constituted probable cause for his arrest, and the search incidental thereto was lawful; (2) the state met the burden of proving that the search was lawful; and (3) assuming arguendo that appellant could take advantage of the fact that the warrant could have been for a misdemeanor, he should not be permitted to raise that issue for the first time in the Supreme Court.

THE FACTS
On the morning of May 2, 1967, officers Owen and Hopstein were on duty in the City of Hattiesburg when they received a radio message that the police department had on file a warrant for the appellant's arrest on a charge of assault and battery. The officers were looking for appellant and had previously received a call from the campus police of Mississippi Southern University that appellant had been on the campus all night. Ten or fifteen minutes after receiving the radio message concerning the warrant, appellant was seen leaving the campus driving a 1967 Lincoln automobile. The officers pulled up behind appellant and turned on their siren, and appellant stopped. *579 The arrest and search immediately followed, and appellant was advised that he was being arrested on a charge of assault and battery. At police headquarters appellant was booked for assault and battery and carrying a concealed weapon. He was tried, convicted and sentenced to three years in the penitentiary because he had been convicted in federal court on a white slave traffic charge, thus invoking the sentence provided in Mississippi Code 1942 Annotated section 2079(d) (Supp. 1966).

PROBABLE CAUSE
In a case almost identical with the present one, this Court held that knowledge obtained by highway patrolmen that the Hinds Court Sheriff had a warrant for the accused on a charge of perjury constituted probable cause for the arrest and search of the person charged. Fuqua v. State, 246 Miss. 191, 145 So.2d 152 (1962). In Fuqua, the highway patrolman on patrol in Harrison County heard an official bulletin on the Highway Patrol radio at Gulfport that the Hinds County Sheriff had a warrant for Fuqua's arrest on a perjury charge. Sometime thereafter the patrolman saw Fuqua and arrested him. In upholding the arrest and search of Fuqua's car, this Court said:
We hold that Patrolman Anderson had lawful authority to arrest appellant. The arresting officer had official information that appellant was wanted on a perjury charge and that the Sheriff of Hinds County had a warrant for his arrest on that charge. He also had in his patrol car a photograph of appellant and had made a study of it in order to be able to recognize appellant. Official information is presumed to be authentic. It was sufficient to constitute probable cause for the arrest of appellant. Sec. 2470, Miss.Code of 1942. Law of Arrest, Alexander, Sec. 77; Silver v. State, 110 Tex.Cr.R. 512, 8 S.W.2d 144, 60 A.L.R. 290; Shay v. State, 229 Miss. 186, 90 So.2d 209. (246 Miss. at 201, 145 So.2d at 155).
The Fuqua case is for all practical purposes identical with the present one. Fuqua was wanted for perjury, which is punished with imprisonment in the penitentiary, and is therefore a felony. Mississippi Code 1942 Annotated section 677 (1956) defines a felony as follows: "The term `felony,' when used in any statute, shall mean any violation of law punished with death or confinement in the penitentiary." But there are many kinds of perjury. One may be prosecuted for common law perjury under Mississippi Code 1942 Annotated section 2561 (1956) just as one may be prosecuted for common law assault and battery, as stated in the majority opinion. The majority opinion based the illegality of the arrest on the fact that the warrant could have been for common law assault and battery  a misdemeanor; and it is unlawful to arrest for a misdemeanor unless it is committed in the presence of the officer or unless he has the warrant to serve at the time of arrest. But the warrant in Fuqua could as well have been for common law perjury, which apparently was a misdemeanor until statutory enactments made it a felony. 70 C.J.S. Perjury §§ 78, 79 (1951); 21 Am.Jur.2d, Criminal Law § 19 (1965). It is true that in the Fuqua case the Court did not discuss the matter of whether perjury is or is not always a felony, but it seems to me that Fuqua is directly in point and should control the present case.
Mississippi Code 1942 Annotated section 2470 (1956) specifically authorizes an officer to arrest any person, "* * * when a person has committed a felony, though not in his presence; or when a felony has been committed, and he had reasonable ground to suspect and believe the person proposed to be arrested to have committed it * *."
This Court recently decided Smith v. State, 208 So.2d 746 (Miss. 1968), and held that an arrest on a misdemeanor charge not committed in the officer's presence and without a warrant is illegal. That case involved a traffic violation and the defendant demanded to see the warrant. In *580 my opinion it is not applicable to the present case. In the case now before the Court, the warrant was for assault and battery. There are many kinds of assault and battery charges, nearly all felonies. The fact that it could have been a common law misdemeanor warrant ought not to vitiate this arrest. The Court said in Fuqua that "Official information is presumed to be authentic."
In Kennedy v. State, 139 Miss. 579, 104 So. 449 (1925), this Court, in construing the authority of an officer to make an arrest without a warrant under what now is Code section 2470, quoting from 5 C.J. page 399, said that for such an arrest to be made, "the crime must be at least technically a felony, and the officer making the arrest must have reasonable grounds for believing that the person arrested committed it." 139 Miss. at 587, 104 So. at 450.
Since an arrest for a misdemeanor cannot lawfully be made by an officer without a warrant unless committed in the officer's presence, Officer Owen, in the present case, was justified in believing that the official broadcast of the Hattiesburg Police Department was for a felony and therefore authentic and lawful.
The present decision of the majority will, in my opinion, cast doubt upon the authority of officers to arrest persons charged with a wide variety of crimes. Who will know whether a larceny warrant is a felony or a misdemeanor? The Code contains many crimes that are punished either as a felony or as a misdemeanor. Officers must act promptly to be able to cope with the motorized criminal. The cases before this Court indicate that many arrests for serious crimes are made, if at all, on probable cause without a warrant. Cf. Bradshaw v. State, 192 So.2d 387 (Miss. 1967), and Shay v. State, 229 Miss. 186, 90 So.2d 209 (1956). The former is a case where this Court held the arrest and search lawful when the four men in an automobile fit the description of unknown persons who had committed an armed robbery. It turned out that the persons arrested were not the people sought, but the incriminating evidence of another crime found in the search was admissible to convict of another crime.
In my opinion, assault and battery is "punished with * * * confinement in the penitentiary" and is, therefore, a felony, and an arrest on that charge could be made under code section 2470 upon probable cause which the warrant supplied.

THE STATE MET THE BURDEN OF PROOF
The several objections made at the trial to the introduction of the gun were grounded on the illegality of the search because the officer did not have a search warrant. The district attorney then asked the officer if there was a warrant for the arrest of appellant. He testified that he received a broadcast shortly before the arrest that there was a warrant at police headquarters for the arrest of appellant on a charge of assault and battery. Later, at the close of all the evidence, appellant moved for a directed verdict on the grounds that the gun was obtained illegally without a search warrant, and the arrest was illegal because the officer had no warrant, and no crime had been committed in his presence. All the State had to do to meet the burden of proof as far as the arrest and search was concerned was to show that the officer had probable cause for the arrest, which it did by showing that he received the official broadcast that there was a warrant for appellant's arrest on a charge of assault and battery. There was no need to produce the warrant itself. The existence of the warrant constituted probable cause for the arrest. This proof met the burden cast upon the State to show the legality of the arrest and incidental search. The appellant never suggested that the warrant did not exist and there was never any reason for the State to introduce it in evidence.
It is true that the State had the burden of proof to show that the arrest was lawful. If the State had offered no proof of probable cause for justifying the arrest *581 and incidental search, it would have failed to meet the burden and the evidence seized by the officer would have been inadmissible. But the State proved that the arresting officer had received the official police radio broadcast that a warrant for appellant's arrest for assault and battery was on file at headquarters. This was proof of probable cause. It met the State's burden. There was no contention, nor even any intimation, that the radio broadcast was not in fact received or that the warrant was not a sufficient basis to constitute probable cause. Consequently, it was not necessary for the State to offer any other proof on the question of probable cause.
At the moment Officer Owen began the arrest of appellant, he either had probable cause and therefore acted reasonably and lawfully, or he did not have probable cause and therefore acted unreasonably and unlawfully. And the test as to probable cause must be made as of the time of arrest. Any fact which comes to the knowledge of the officer after the arrest and search neither legalizes nor vitiates the arrest and search. This bears on the question of burden of proof because that burden only required proof of the facts and circumstances known by Officer Owen at the time of arrest, and of which he had reasonably trustworthy information. All this the State proved. It need not have shown more.
It is a judicial question whether under all the facts and circumstances there was probable cause, but absent some showing of bad faith on the part of the officer, the judicial inquiry involves only the facts and circumstances existing immediately before and at the time of the arrest of which Officer Owen had knowledge, and of which he had reasonable trustworthy information. There are scores of recent cases, state and federal, establishing this principle or rule. See Modern Federal Practice Digest, Vol. 3, Arrest, (1960); and Seventh Decennial Digest, Vol. 3, Arrest, (1967).

WARRANT QUESTION FIRST RAISED IN THIS COURT
Assuming for the purposes of discussion that appellant could take advantage of the fact that the arrest warrant could have been for a misdemeanor, he ought not to be able to raise that issue for the first time in this Court. As stated above, the objections at the trial were based on the fact that the officer had no search warrant, no arrest warrant, and no offense was committed in the officer's presence. It was never suggested or even intimated in the entire trial that the arrest was illegal because the arrest warrant at police headquarters could have been for a misdemeanor, yet the Court is reversing the case on this precise point. The State is now powerless to meet an argument it never was required to meet in the trial court. The defendant is discharged.
In my opinion, the case should be affirmed.