219 So.2d 673 (1969)
Jesse M. CUMMINGS
v.
STATE of Mississippi.
No. 45268.
Supreme Court of Mississippi.
February 24, 1969.
Rehearing Denied March 17, 1969.
*674 Joe O. Sams, Jr., Billy J. Jordan, Columbus, for appellant.
Joe T. Patterson, Atty. Gen., by Guy N. Rogers, Asst. Atty. Gen., Jackson, for appellee.
PATTERSON, Justice.
Jesse M. Cummings, appellant, was indicted for the crime of burglary during the 1965 term of the Circuit Court in Lowndes County. He was tried and found guilty of the crime charged during the regular June 1968 term of the court. From the time of his indictment in 1965 until his trial in 1968 he was in the custody of the Alabama authorities. From a verdict of guilty he was sentenced to serve seven years in the state penitentiary. He appeals to this Court and assigns the following as error:
1. The trial court erred in not granting the defendant's motion to dismiss the charges against him because of the State's failure to grant a speedy trial.
*675 2. The trial court erred in not granting the defendant a continuance until such time as his hair could grow and he could present a reasonable appearance in the courtroom.
3. The trial court erred in allowing the State to admit evidence of other separate and independent crimes committed by the defendant.
4. The trial court erred in admitting evidence based upon an illegal search and seizure.
On the weekend of September 13, 1965, the Lowndes County Co-op was burglarized and approximately $400 stolen. Of this amount there was included a $100 bill. In the early morning hours of September 14, 1965, the defendant was stopped and taken into custody by the authorities in Columbus, Mississippi. He was released on his own recognizance shortly thereafter. He was later arrested by Alabama authorities on September 16, 1965, for another offense and was incarcerated until 1968, giving rise to a delay in his trial in this state.
The defendant contends that by a delay in his prosecution for some three years, he was denied his constitutional right to a speedy trial. His argument relies heavily on the proposition that the Sixth Amendment right to a speedy trial was made a part of the Constitution in order to insure that three basic demands of the Anglo-American system of justice were met. According to that proposition, the amendment attempted to (1) prevent undue and oppressive incarceration (2) minimize anxiety and concern accompanying public accusation and (3) limit the possibility that a long delay will impair one's ability to defend himself.
We note that these demands are discussed at length by the United States Supreme Court in Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (Jan. 20, 1969). That case dealt specifically with the right of a defendant to be brought to trial under a separate indictment while serving a sentence in a federal penitentiary. The Court, in concluding its opinion, stated in part:
By a parity of reasoning we hold today that the Sixth Amendment right to a speedy trial may not be dispensed with so lightly either. Upon the petitioner's demand, Texas had a constitutional duty to make a diligent, good-faith effort to bring him before the Harris County court for trial. (Emphasis added.) 89 S.Ct. at 579.
In a separate concurring opinion by Mr. Justice Harlan we also find the statement: "I agree that a State may not ignore a criminal accused's request to be brought to trial * * *." (Emphasis added.) In the instant case the appellant made no request for a trial in Lowndes County while he was incarcerated in the state of Alabama. As we view the Smith opinion, the request for speedy trial is mandatory. Cf., however, Jones v. State, 250 Miss. 186, 164 So.2d 799 (1964). In the absence thereof we conclude that this assignment of error is not well taken.
The appellant next contends that the court erred in not continuing the cause until his hair could grow to a normal length. He argues that since his hair had been shaved at the penitentiary, his appearance had the effect of prejudicing the jury against him. He argues that his appearance would lend weight to a presumption of guilty rather than the presumption of innocence. As early as 1847 we held in the case of McDaniel v. State, 8 Sm. & M. 401, 415 (1847) that:
The continuance of a cause, is matter resting in the sound discretion of the court, and an appellate tribunal will never interfere but with extreme reluctance and caution. To justify such interference there must have been a palpable error committed, without the correction of which manifest injustice will be wrought.
This rule has been consistently followed and where there is no showing of an abuse by the lower court, this Court will not interfere with their action. See Bennett v. State, 197 So.2d 886 (Miss. 1967) cert. denied 389 U.S. 46, 88 S.Ct. 238, 19 L.Ed.2d *676 51 (1967). The trial court had the opportunity to view the defendant, consider his appearance, and to hear the argument of counsel on the point. From the record we cannot say that there was an abuse of discretion in this regard. It is our opinion that this assignment of error is without merit.
The third point assigned as error is the action of the trial court in allowing the State to present evidence of a separate and independent crime committed by the defendant, thereby prejudicing the jury and denying him the right to a fair and impartial trial. This question arises primarily out of the testimony elicited from one Easterwood, a deputy sheriff, from Cullman, Alabama. The following questions were propounded to him by the district attorney:
"Q. Directing your attention back to on or about that date, I will ask you if you had opportunity to see this defendant Jesse Cummings on or about that day?
"A. Yes, sir.
"Q. I would like for you to tell the Court and jury under what circumstances and where you saw him?
"BY MR. JORDAN: Now we object to this and have a motion to make to the court.
"BY THE COURT: Overruled. He hasn't said anything yet.
"A. Yes sir. I seen him in Holly Point High School.
"BY MR. JORDAN: We object to this.
"BY THE COURT: Overruled.
"A. He was, they were in Holly Point High School ripping a safe.
"BY MR. JORDAN: The Court please, we object to this and move for a mistrial.
"BY THE COURT: Overruled."
Another witness, a state trooper from Alabama, was propounded a similar question:
"Q. And tell us under what circumstances, where you saw him and what he was doing?
"A. Well, it was the night of the 17th, but it was the morning of the 18th, it was after midnight, around one or a little after, we got him and another subject out of the Holly Point School. They were busting the safe.
"BY MR. JORDAN: For the record we object and move for a mistrial. It is implicating this defendant in the commission of another crime, for which he is not being tried for today.
"BY THE COURT: Objection overruled."
Testimony of a similar nature was elicited from the Chief of Detectives of the Columbus Police Force when he was questioned about a trip he made to Cullman, Alabama. However, we note this question was not objected to.
"Q. Well, what was the purpose of this trip?
"A. The purpose of that trip was to pick up some tools that was obtained by the Cullman Sheriff's Department, Cullman, Alabama, that was taken from a safe burglary from two subjects, namely Jesse Cummings and Roy Welch."
The State's purpose in producing these witnesses was to identify a pair of vice-grip pliers, a black bag, and a pair of gloves in the possession of the appellant or his cohort. The introduction of this evidence was patent error and we might add was not vital to the State's case. The question could have been simply put as to whether the gloves, etc. were in the possession of the defendant when obtained by the officers without mentioning the particular circumstances. In May v. State, 199 So.2d 635, 641 (Miss. 1967), the general rule on the admissibility of evidence of this nature is stated as follows:
"The general rule is that, on the trial of one charged with a particular crime, *677 the evidence must be confined to the issue joined as to that specific offense, and that, usually, evidence showing, or tending to show, the accused's guilt of another offense, at some prior time, is incompetent. This rule is founded in reason, for to allow the introduction of evidence of other and distinct offenses would confuse and mislead the jury as to the real issue to be determined, would prejudice the prisoner by irrelevant matter, and require him to meet charges foreign to the specific offense laid to his charge. This rule, however, is not without exceptions, and one of the excepted classes is where the evidence of a former, distinct offense is offered to show intent or motive in the commission of the crime charged."
In Baygents v. State, 144 Miss. 442, 446, 110 So. 114, 115 (1926), the rule was stated to be:
The general rule is that proof of a crime distinct from that alleged in the indictment should not be admitted in evidence against the accused.
The general rule is not without exceptions, however, and these exceptions are set forth in Clanton v. State, 242 Miss. 734, 737-38, 137 So.2d 180, 182 (1962), as follows:
"There are exceptions to the rule which has been stated, such as where the offense charged and that offered to be proved are so connected as to constitute but one transaction, or where it is necessary to identify the offender, or where it is material to prove motive, and there is apparent relation or connection between the act proposed to be proved and that charged, or where the accusation involves a series of criminal acts which must be proved to make out the offense, or where it is necessary to prove scienter or guilty knowledge and the like * * *."
We have given due consideration to the rule and the exceptions thereto and it is our opinion that the evidence relating to the offense in Alabama does not come within any of the announced exceptions. It is our opinion, therefore, that this assignment of error is well taken. The introduction of a separate and distinct offense unrelated to the crime for which appellant was being tried was prejudicial to the defendant and requires a reversal of the case.
The last assignment of error asserts that the trial court erred in admitting evidence based upon an illegal search and seizure of appellant's automobile. As heretofore mentioned, the defendant was stopped in his car early on the morning of September 14, 1965, by a police officer in the city of Columbus. The circumstances relative thereto are as follows: After preliminary questions, the Patrolman, Delk, was asked:
"Q. I will ask you what, if anything he did on that occasion, Mr. Delk?
"A. Well, when I stopped him that night I was in front of him and pulled up and turned the light on in the patrol car to pull over to the curb and I walked up to the car he was, had his hand down * * *
"BY MR. JORDAN: We object. There must be a showing, a proper predicate for probable cause for this arrest and ask the District Attorney be directed in regard to why Mr. Delk stopped this defendant at this particular time. Had he committed any offense in his presence and set up the proper predicate, Judge, I think he should be required to do that.
"BY THE COURT: Objection overruled.
"BY MR. BUCK:
"Q. You did stop this defendant on that occasion that you have testified?
"A. Yes, sir.
"Q. I will ask you if you can identify this hundred dollar bill and where you got it?
"A. Yes, sir, it has my initials on it. It was down beside the defendant under the cool cushion to his right side.
"Q. What, if anything, was the defendant doing?
*678 "A. His hand was moving up and down and I couldn't see anything there but after I got him out of the car this was rolled up in a real small roll and the top of it was sticking out of the edge of a crease in the cool cushion."
Again an objection was interposed which was again overruled by the court.
On cross-examination the witness testified that orders had been issued over the radio to the effect that defendant's car had an improper tag and he stopped the defendant to check his driver's license. In Butler v. State, 212 So.2d 573, 576 (Miss. 1968), in discussing the authority of an officer to arrest in Mississippi under Mississippi Code 1942 Annotated section 2470 (1956), we said the following:
The first clause applies to a misdemeanor, and an officer cannot arrest a person for a misdemeanor not committed in his presence except with a warrant. See Pettis v. State, 209 Miss. 726, 48 So.2d 355 (1950), and the authorities therein cited.
In the recent case of Smith v. State, 208 So.2d 746 (Miss. 1968), this Court held that under our statute and the overwhelming weight of authority elsewhere, an officer must have a warrant to make an arrest for a misdemeanor not committed in his presence. Where an arrest is made without a warrant, the burden is always on the person making such arrest to show that it was lawful. Butler, supra. The evidence presented here is far from conclusive as to why the defendant was stopped by Officer Delk. Therefore, we must conclude that the $100 bill found in the appellant's car, after he was removed therefrom, was the fruit of an illegal search since no probable cause existed for his arrest. In addition, we note that the bill introduced was never identified as the one taken from the Lowndes County Co-op. The introduction of this bill was prejudicial to appellant's constitutional right to a fair trial and therefore constitutes reversible error.
This cause is reversed and remanded for a new trial.
Reversed and remanded.
GILLESPIE, P.J., and RODGERS, BRADY, and SMITH, JJ., concur.