SOUTHWICK, Judge, for the Court:
f 1. George Bovan was convicted of disorderly conduct. Bovan challenges his conviction on the basis of the following issues: (1) the trial court erred in refusing to grant a judgment notwithstanding the verdict; (2) the trial court erred in finding the existence of exigent circumstances; and (3) the trial court erred in granting instructions concerning exigent circumstances.' We find that these issues do not merit reversal, and affirm.
FACTS
¶ 2. On March 18, 1994, David Douglas, an off-duty police officer, observed Kendrick Hayes entering the home of Hayes’s mother. Officer Douglas called the police dispatcher to verify his recollection of the existence of an outstanding felony warrant on Hayes. After being told that there was such a warrant, Douglas requested assistance. Ultimately, Douglas went to the rear of the home to prevent Hayes’s departure while the assisting officer proceeded to the front and knocked on the door. The officer was greeted at the door by the defendant, George Bovan. The officer asked Bovan whether Hayes was in the home. Bovan responded that he had not seen Hayes, and that he was alone in the home. That temporarily ended the conversation.
¶3. Following the arrival of additional back-up, the' officers again proceeded to the front of the home. The officers informed Bovan that they had an arrest warrant for Hayes. Bovan stated that he did not live there, and thus, he could not give the officers permission to search the home. The officers requested that Bovan step aside and allow them to search for Hayes. Furthermore, the officers informed Bovan that if he refused to comply with their requests, they would arrest him. Bovan demanded to see a search warrant and refused to step aside. After Bovan’s refusals, the officers moved Bovan aside and conducted a search of the home. The officers found Hayes’s mother and sister in the master bedroom. After conducting a more extensive search, the officers discovered Hayes hiding behind some insulation in the attic.
¶4. Bovan was charged with obstructing arrest and disorderly conduct. On August 16, 1994, a jury in the County Court of Bolivar County found Bovan guilty only of disorderly conduct. Bovan appealed his conviction, and on September 5,1995, the Circuit Court of Bolivar County affirmed his conviction.
DISCUSSION
I. Sufficiency of Evidence
¶ 5. Bovan alleges that the trial court erred in denying his motion for a judgment notwithstanding the verdict. He asserts that he cannot be found guilty of disorderly conduct unless the entry, search, and arrest of Hayes were lawful.
¶ 6. On appeal from the denial of a motion for a judgment notwithstanding the verdict, this Court reviews the sufficiency of the evidence in the “light most favorable to the State.” McClain v. State, 625 So.2d 774, 778 (Miss.1998). All credible evidence which is consistent with Bovan’s guilt “must be accepted as true,” and the State is “given the benefit of all favorable inferences that may be reasonably drawn from the evidence.” Id. Because matters concerning the weight and credibility of the witnesses are resolved by the fact finder, this Court will reverse only where, “with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty.” Id.
¶ 7. The Mississippi Code provides, in relevant part:
(1) Whoever, with intent to provoke a breach of the peace, or under such circumstances as may lead to a breach of the peace, or which may cause or occasion a breach of the peace, fails or refuses to promptly comply with or obey a request, command, or order of a law enforcement officer, having the authority to then and there arrest any person for a violation of the law, to:
[[Image here]]
*256 (i) Act or do or refrain from acting or doing as ordered, requested or commanded by said officer to avoid any breach of the peace at or near the place of issuance of such order, request or command, shall be guilty of disorderly conduct, which is made a misdemeanor and, upon conviction thereof, such person or persons shall be punished by a fine of not more than five hundred dollars ($500.00) or imprisonment in the county jail for not more than six (6) months, or by both such fine and imprisonment.
Miss.Code Ann. § 97—35—7(l)(i) (Rev.1994).
¶ 8. In Merritt v. State, 497 So.2d 811, 814 (Miss.1986), the supreme court cited this section with approval in holding that “[disorderly conduct demonstrated by failure to obey the commands or request of a law enforcement officer is a punishable offense in Mississippi.” Furthermore, by statute, an officer may “arrest any person without warrant, for an indictable offense committed, or a breach of the peace threatened or attempted in his presence_” Miss.Code Ann. § 99-3-7 (Supp.1996).
¶ 9. In order for the jury to find Bovan guilty of disorderly conduct, the prosecution must prove all elements of the offense beyond a reasonable doubt. At trial, the State presented the testimony of Officer Douglas, who testified that he observed Hayes entering his mother’s home. Officer Douglas confirmed the existence of a felony warrant for Hayes. The assisting officer testified that he informed Bovan of the felony warrant and inquired about Hayes’s presence in the home. He also stated that Bovan denied Hayes’s presence and insisted that he was alone in the home. Additional back-up officers testified that they requested entrance into the home. Another officer testified that he pleaded with Bovan for ten to fifteen minutes to allow them to search for Hayes. Nonetheless, Bovan refused to comply with the officers’ requests.
¶ 10. Bovan contends that he had a right to refuse the requests of the police officers if the entry, search, and arrest of Hayes were unlawful. In support of his contention, Bovan relies on Smith v. State, 208 So.2d 746 (Miss.1968). In Smith, police officers attempted to arrest the defendant on a misdemeanor warrant which remained in the sheriffs office. Smith refused to comply with the officers’ requests and was charged with resisting arrest. Id. at 747. The supreme court held that the offense of resisting arrest presupposes a lawful arrest. Since the arresting officer did not have the warrant in his actual possession, the arrest was unlawful and Smith had a right to use reasonable force to resist. Id.
¶ 11. Bovan also cites Pettis v. State, 209 Miss. 726, 48 So.2d 355 (1950) to support his assertion that he had a right to refuse the officers’ requests. In Pettis, police officers attempted to arrest a suspect in the home of a third party without a warrant for a misdemeanor which was not committed in their presence. Id. at 728, 48 So.2d at 356. The homeowner objected to the search and resisted the officers’ attempt to enter the home. Id. Because the actions of the officers were unlawful and unauthorized, the court held that the homeowner was entitled to a peremptory instruction. Id. at 731, 48 So.2d at 357.
¶ 12. Even though Smith and Pettis permit a person to resist his own unlawful arrest or the unlawful search of his own home, that is all that they hold. Bovan would have us interpret that principle as granting all other persons carte blanche to evaluate police actions, determine in their own mind their validity, and comply only with commands that they believe ultimately will lead to permissible police conduct. All other commands could be ignored if a person believes that the ultimate police action is improper.
¶ 13. We reject such a rule. Giving an individual about to be arrested illegally or whose home is about to be searched the right to resist, a right recognized at least in the extreme factual circumstances of Smith and Pettis, does not give observers of the progress of arguably illegal conduct an independent right to interfere with it. The specter of significant breaches of the peace looms over that kind of rule. In this case, the police officers were attempting to execute a felony arrest warrant on Hayes, not on Bo-van. There was nothing unreasonable or *257 excessive vis-a-vis Bovan about the officers’ multiple requests that Bovan step aside and allow their entry into the home. Every citizen cannot be a lay magistrate, determining what is valid or not, unless the police commands fall outside a broad range of reasonableness. That ultimately the conduct that follows may be found invalid does not authorize a guest in the home to try to block the conduct.
¶ 14. Whether Bovan in time might be proven correct that the police search of someone else’s home was improper does not allow him to cause a breach of the peace in order to stop it. He just as likely would be found incorrect, which is what the trial court held. Within a broad range of inherently reasonable commands, and asking a guest to stand back from a doorway is safely within that broad range, the police have, the right to insist on compliance.
¶ 15. Somewhat similar issues were discussed by the New Jersey Supreme Court in State v. Lashinsky, 81 N.J. 1, 404 A.2d 1121 (1979). In Lashinsky, a police officer ordered a press photographer to move away from the vicinity of an automobile accident. Id., 404 A.2d at 1124. The photographer was arrested for disorderly conduct after refusing to heed the officer’s order. Id. The Supreme Court of New Jersey held that an individual is guilty of disorderly conduct when he refuses to obey the reasonable instructions of a police officer. Id. at 1126. Finding reasonableness as the key, the court determined that an “individual toward whom such instructions are directed has a correlative duty to obey them.” Id.
¶ 16. The fundamental correctness of the planned police conduct is not for the observer-citizen to decide. The proper place to examine the reasonableness of the ultimate police action—the search of the home in this case—is in court, though an exception has been carved out by the Mississippi Supreme Court for the targets of illegal arrests or the owners of homes to be searched. Any other rule would encourage a great many breaches of the peace.
¶ 17. There was sufficient evidence to support Bovan’s arrest and conviction.
II. Exigent Circumstances
¶ 18. Bovan also asserts that the trial court erred in finding exigent circumstances. Bovan contends that in the absence of exigent circumstances, the entry, search, and arrest without a warrant were unlawful. The legal issues are significant, difficult, and academic. Determining whether exigent circumstances existed would clarify whether the ultimate search and arrest of Hayes was constitutional. We have already held that the answer to that question is irrelevant on this appeal of Bovan’s conviction for disorderly conduét.
III. Jury Instructions
¶ 19. Bovan’s final assignment of error is that the trial court improperly granted jury instructions S-2 and S-3, which instructed the jury about exigent circumstances. We have rejected exigent circumstances as relevant to the decision of Bovan’s guilt. Therefore, the propriety of the exigent circumstances instructions is moot.
¶ 20. THE JUDGMENT OF THE BOLIVAR COUNTY CIRCUIT COURT OF CONVICTION OF DISORDERLY CONDUCT AND SENTENCE OF THIRTY DAYS IN THE COUNTY JAIL AND ORDER TO PAY $500 FINE, SUSPENDED UPON PAYMENT OF FINE AND ALL COURT COSTS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO THE APPELLANT.
¶ 21. BRIDGES, C.J., McMILLIN and THOMAS, P.JJ., and COLEMAN, DIAZ, HERRING, HINKEBEIN, KING and PAYNE, JJ., concur.