GILLESPIE, Presiding Justice:
Coleman Harper Bell, appellant, was indicted, tried, and convicted in Union County, Mississippi, of false pretense by selling an automobile when he knew that it was stolen. The question before this Court is whether appellant was denied the right to a speedy trial. We hold that he was. His conviction is reversed and judgment entered here discharging the appellant.
The facts pertinent to the question of appellant’s right to a speedy trial as guaranteed by Mississippi Constitution, Section 26 (1890) and the Sixth Amendment to the Constitution of the United States, are not in dispute. The transaction giving rise to the charge of false pretense against appellant occurred on October 5, 1964. Between that time and April 1, 1965, a warrant was issued in Union County for appellant’s arrest on the charge of false pretense, and on the latter date he was arrested by the police in Jackson, Mississippi, on a federal charge. Appellant was turned over to the federal authorities and removed to the jail at Oxford in Lafayette County, Mississippi, as a federal prisoner. On June 2, 1965, appellant pleaded guilty to charges in the federal court in Oxford, Mississippi, and was sentenced to the United States Penitentiary at Leavenworth, Kansas, to which institution he was taken on June 6, 1965. On September 4, 1965, appellant was brought to the Union County jail and remained there- until October 3, 1965. No charges were made against him and no hearing was had at this time. The record is not clear as to the reason he was in the Union County jail during this period. After October 3, 1965, appellant continued serving time in the federal penitentiary. At the July 1966 term of court the indictment on the charge of false pretense was *288 returned to the Circuit Court of Union County. Appellant had no notice of this indictment until the Circuit Court of Union County issued a writ of habeas corpus ad prosequendam, which was served on the appellant about September 1, 1967. A hearing- on a motion to quash the indictment was held on September 20, 1967. This motion was overruled and appellant was tried on the false pretense charge in the Circuit Court of Union County on the 27th day of January 1968. The sheriff knew of appellant’s arrest in Jackson on April 1, 1965, and he requested the police in Jackson to turn appellee over to him but they delivered him to the federal authorities. Neither the sheriff nor the prosecuting attorney made any effort to proceed with the prosecution of appellant on the false pretense charge until a few weeks before the hearing on the motion to quash the indictment. No reason was given for the delay in bringing appellant to trial.
At the time of the sale of the automobile which gave rise to the charge of false pretense, appellant was in the automobile business in Union County. Appellant has been held in custody since April 1, 1965, and has not seen his business records since that date. Two of appellant’s associates, Troy Rakestraw ajnd Andy Latham, were said to have been present at the time of the transaction involving the charge of false pretense. Troy Rakestraw was within the jurisdiction of the court at the time of the arrest of appellant in 1965 and until September 1967 but was not within the state and amenable to process at the time of the appellant’s trial. Andy Latham was deceased at the time of appellant’s trial in January 1968, so that neither Rakestraw nor Latham were available as witnesses.
In Jones v. State, 250 Miss. 186, 164 So.2d 799 (1964), this Court held that the constitutional guarantee of a speedy trial does not deprive the state of a reasonable opportunity of preparing for trial, but that when the state knows the identity of the accused and holds him in custody on another charge for such a length of time that he has been prejudiced, then the delay is vexatious, capricious, and oppressive. In that case the accused was in state custody for eight years before being brought to trial and this Court reversed the judgment of conviction and released the defendant.
In the instant case the accused was available for prosecution although part of the time he was in federal custody. The federal authorities promptly made appellant available for trial when the state followed the proper procedure as stated above. His identity was known. The facts of the crime were known and the prosecuting authorities have given no reason for not trying appellant within a reasonable time. When appellant was tried his records were not available, one witness was dead, and another had left the state. The state had many terms of court at which he could have been tried. We are of the opinion that the judgment of conviction must be reversed and appellant discharged.
In Cummings v. State, Miss., 219 So.2d 673 decided February 24, 1969, this Court applied Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969) and denied that claim of the accused that he had been denied a speedy trial. This Court based its decision on the ground that Cummings had not requested a trial while held in the Alabama penitentiary between the date of his indictment in this state and his trial. In the instant case appellant was given no notice of the indictment until he was notified to appear for trial. There was no reason for him to request a speedy trial. The Cummings decision has no application to the instant case.
Reversed and defendant discharged.
RODGERS, JONES, PATTERSON and ROBERTSON, JJ., concur.