ROBERTSON, Justice:
On January 29, 1968, we affirmed the judgment of the Circuit Court of Grenada County, Mississippi, sentencing Olius Mc-Crory, Jr., to serve a term of seven years in the Mississippi State Penitentiary for the crime of burglary. The thrust of the assignment of errors and the appellant’s brief was that McCrory had been denied a speedy trial as guaranteed by the Sixth Amendment to the United States Constitution and Section 26 of the Mississippi Constitution. The appellant did not argue the merits of the case.
On February 24, 1969, the Supreme Court of the United States rendered a short Per Curiam opinion as follows:
“The motion for leave to proceed in forma pauperis and the petition for a writ of certiorari are granted. The judg *626 ment is vacated and the case is remanded to the Supreme Court of [Mississippi] for further consideration in light of Smith v. Hooey, Judge, Criminal [District] Court of Harris County, Texas, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607.” McCrory v. Mississippi, 393 U.S. 532, 89 S.Ct. 881, 21 L.Ed.2d 757 (1969).
We have carefully read and studied Smith v. Hooey, supra, and find that the facts in that case were entirely different from the facts in McCrory.
The facts in McCrory were quite involved, but in order to intelligently compare these two cases we find it necessary to state the facts of McCrory in some detail.
Duck’s Bait Shop in Grenada, Mississippi, was burglarized on the night of November 22, 1961. Terel Tunney Clanton, Marion Hankins, and McCrory were caught redhanded at the scene of the crime. After arrest, McCrory was searched, and $51 in silver and a .38-caliber Ivy Johnson snub-nosed pistol were found on McCrory.
On November 24, 1961, McCrory was released from custody on the posting of a $4,000 appearance bond by United Bonding Insurance Company as surety.
On January 23, 1962, Clanton, Hankins, and McCrory were jointly indicted by the grand jury of Grenada County for burglary. They were charged with taking, stealing, and carrying away the sum of about $52 in good and lawful currency of the United States. On that same day, a capias was issued for McCrory. Another capias was issued on January 27, 1962.
On July 27, 1962, the United Bonding Insurance Company wrote the sheriff of Grenada County requesting him to issue warrants for the arrest of Clanton and McCrory and to send them to Napoleon-ville, Louisiana, where they were being held in the parish jail. The bonding company stated in its letter that as surety on their appearance bond it desired to surrender them to the Circuit Court of Grenada County. On that same day, Sheriff Davis of Grenada County wrote the sheriff of Assumption Parish, Napoleonville, Louisiana, requesting that he hold both Clanton and McCrory and notify him so that they may be returned to Grenada County, Mississippi. A certified copy of the capias commanding Sheriff Davis to take custody of the defendants was enclosed.
The bonding company on July 27, 1962, executed a cost bond, conditioned that it would defray all costs in transporting Mc-Crory and Clanton from Napoleonville, Louisiana, to Grenada, Mississippi.
On August 22, 1963, McCrory signed a certificate that he freely and voluntarily agreed to accompany Mississippi authorities as a prisoner from Louisiana to Mississippi for the purpose of answering the charge of burglary there pending against him.
On August 23, 1963, the chief probation and parole officer of Louisiana wrote the sheriff of Grenada County, Mississippi, advising that McCrory was being “released on parole to your detainer.” The sheriff was advised that McCrory’s parole period would not expire until November 28, 1964, and if McCrory was released from his custody on probation or parole that Louisiana would like to formulate a plan of concurrent supervision.
On August 26, 1963, McCrory was released on a $2,000 appearance bond executed by Emmett McCrory and Harvey Brewer as sureties returnable before the Circuit Court of Grenada County on January 27, 1964. On February 10, 1964, a scire facias on forfeited appearance bond was issued to Emmett McCrory and Harvey Brewer as sureties requiring them to show cause on the first day of July term 1964 as to why the judgment of forfeiture should not be made final against them. An alias capias instanter for Olius Mc-Crory, Jr., was issued on February 13, 1964, and sent, together with a covering letter, to the sheriff of Harrison County, Mississippi.
*627 On April 25, 1964, an alias capias was issued to the sheriff of Alcorn County, Mississippi, to pick up McCrory and to have him before the Circuit Court of Grenada County on the fourth Monday of July 1964. On April 28, 1964, the sheriff of Alcorn County, Mississippi, wrote the circuit clerk of Grenada County advising that the sheriff of Harrison County had picked up McCrory and returned him to Harrison County to answer charges there.
On May 16, 1964, the sheriff of Harrison County wrote the circuit clerk of Grenada County that he had received the alias capias of February 13, 1964, and also another capias of May 12, 1964, and that he was placing these warrants as a detainer for the Grenada County Circuit Court.
On February 17, 1965, a scire facias on forfeited appearance bond was issued against United Bonding Insurance Company on its $4,000 appearance bond. This writ required the bonding company as surety to show cause by July 26, 1965, as to why the judgment of forfeiture should not be made final against it.
On February 17, 1965, an alias capias was issued by the circuit clerk of Grenada County to the sheriff of Grenada County to pick up McCrory for the July 1965 term of the circuit court.
On February 25, 1965, the sheriff of Grenada County made the following return on the alias capias: “After diligent search and careful inquiry, the within named Olius McCrory, Jr., cannot be found in my county.”
On July 26, 1965, the United Bonding Insurance Company filed a motion to set aside the judgment nisi, in which motion the surety company set forth that McCrory was now incarcerated in the Mississippi State Penitentiary at Parchman, Mississippi, where he was serving a sentence adjudged by the Circuit Court of Harrison County, Mississippi. On July 30, 1965, the Circuit Court of Grenada County set aside the judgment nisi against the United Bonding Insurance Company.
Subsequent history is reflected in the following Order of the Circuit Court of Grenada County entered on January 18, 1967:
“The within defendant, Olius McCrory, Jr., having been heretofore indicted in this Court for a felony, and having posted bail bond; and said defendant having then defaulted and failed to appear as required by the condition of said bond; and said defendant having been again arrested and placed in the custody by the Sheriff of within county, and defendant having then executed a second appearance bond in the amount required and fixed by the Court, and said Sheriff being then ready to release said defendant because of said bail bond except for the fact that there were outstanding against said defendant warrants from other jurisdictions and the Sheriff then had and now has in his hands such warrants from other jurisdictions, including a warrant for arrest of said defendant on four counts of burglary from Harde-man County, Tennessee, based upon indictments from the Circuit Court of said County and State; and it appearing that said defendant should be detained pending disposition of said warrants, it is therefore ordered and adjudged that said defendant be detained in custody and held by the Sheriff of Grenada County, pending action of the Circuit Court of within Grenada County, which court convenes in regular session on next Monday, January 23, 1967, and then notify the said authorities of said county and state in Tennessee of the action taken by within Circuit Court, unless said defendant shall in the meantime post a valid and binding bail bond to guarantee his appearance in said Court in Tennessee in the amount of $15,000, and in addition thereto post a further bond to guarantee his appearance in the Circuit Court of Grenada County, as aforesaid, in the additional amount of $10,000.00.”
*628 McCrory, testifying as a witness in his own behalf at his trial on January 27, 1967, stated that he had been released from the Mississippi State Penitentiary “seven months ago,” which would make the date of release about June 27, 1966, that he went to Hardeman County, Tennessee, to try to get some charges against him disposed of. When he returned from Tennessee he went to his home in Harrison County, Mississippi. He was picked up there on an alias capias and returned to Grenada County, Mississippi.
Before trial on the merits on January 27, 1967, the court heard testimony and ruled on the motion to quash indictment and petition for writ of habeas corpus filed on that date.
Suggs Ingram, sheriff of Grenada County, who took office in January of 1964, and Chatwin M. Jackson, Jr., the district attorney for eight years were called as witnesses on the motion to quash and the petition for writ of habeas corpus.
Sheriff Ingram testified that he had been in contact with the sheriff of Harrison County on three different occasions about the whereabouts of McCrory, that he did not know that McCrory was in the state penitentiary at Parchman, that he had called the superintendent of the state penitentiary in July of 1964 and was informed that McCrory was not there.
District Attorney Jackson testified that he had made every effort possible to get McCrory for trial but that he had consistently evaded the process of the court. He testified:
“I was unable to get any cooperation from the authorities of Harrison County with reference to returning this man. I finally in desperation contacted an agent of the Federal Bureau of Investigation, who assured me that should he ever get any information as to the whereabouts of this defendant that he would pass it on to me. In the matter of a few weeks some officer at Pascagoula called me and told me that he had Olius McCrory in custody and had heard through an FBI agent that I wanted him; he said that he had some charges pending against him and that they were relatively minor and he would send him to me, rather hold him for me if I sent an alias capias, and I sent an alias capias and subsequently he was surrendered by the officers of Pascagoula to the sheriff and has been returned to the jail and has been incarcerated in jail since then.
jfc Hí % ‡ #
“While I am on the stand now, if the Court please, I would like to call attention of the Court — I am still testifying under oath — that the allegations contained in the so-called petition for writ of habeas corpus as follows, ‘Your defendant would further show that he was advised by his counsel of record at the time of indictment on file herein and under which this defendant is being detained, that this indictment would be passed to the files by agreement between his attorney and the State of Mississippi represented by the District Attorney for Grenada County.’ I, of course, have no personal knowledge as to what his counsel told the defendant, but I do want to state categorically that I never made any such promise to any attorney in the State of Mississippi or any other state.
“THE COURT:
“Anything else?
“MR. BENNETT:
“That’s all with this witness.”
During all of this period of time there was not one single letter or request of any kind that McCrory be granted a trial. It is not even contended by McCrory in his original brief or rebuttal brief that he made any request of any kind for a trial. He admits that he was as silent as the grave, but he contends that it was up to the State of Mississippi, the district attorney, and the sheriff of Grenada County to locate him at once when he would light briefly in *629 Louisiana, Tennessee, or one of the 82 counties of Mississippi. When he was finally located through no help on his part he was granted a speedy trial in Grenada County. It was only after he was finally apprehended that he became so concerned about a speedy trial. The record is completely devoid of any showing of prejudice. The lapse of time was the only element proved and that was fully explained.
This case bears no resemblance to Smith v. Hooey, supra. The opinion in Smith v. Hooey summarizes the facts in that case as follows:
“In 1960 the petitioner was indicted in Harris County, Texas, upon a charge of theft. He was then, and still is a prisoner in the federal penitentiary at Leavenworth, Kansas. Shortly after the state charge was filed against him, the petitioner mailed a letter to the Texas trial court requesting a speedy trial. In reply, he was notified that ‘he would be afforded a trial within two weeks of any date [he] might specify at which he could be present.’ Thereafter, for the next six years, the petitioner, ‘by various letters, and more formal so-called “motions,” ’ continued periodically to ask that he be brought to trial. Beyond the response already alluded to, the State took no steps to obtain the petitioner’s appearance in the Harris County trial court. Finally, in 1967, the petitioner filed in that court a verified motion to dismiss the charge against him for want of prosecution. No action was taken on the motion.” 393 U.S. 374, 89 S.Ct. at 575-576, 21 L.Ed.2d at 609-610.
The opinion of the Court concludes with this language:
“Upon the petitioner’s demand, Texas had a constitutional duty to make a diligent, good-faith effort to bring him before the Harris County court for trial.” 393 U.S. 374, 89 S.Ct. at 579, 21 L.Ed.2d at 614. (Emphasis added).
Mr. Justice Harlan, in his separate concurring opinion, said:
“I agree that a State may not ignore a criminal accused’s request to be brought to trial, merely because he is incarcerated in another jurisdiction, but that it must make a reasonable effort to secure his presence for trial. * * * ” Id. 393 U. S. 374, at 580, 21 L.Ed.2d at 614. (Emphasis added).
It is crystal clear from the record in McCrory that the district attorney, the circuit clerk, the circuit judge, and the sheriff of Grenada County made every reasonable effort to locate McCrory and to bring him back, against his will if necessary, for trial in Grenada County, that no request for a trial was ever made by McCrory, neither was there any word from him of his whereabouts. We find nothing in the record that the accused was prejudiced in any way by the lapse of time in bringing him to trial in Grenada County.
We do not think that it is in the highest and best interests of the citizens of Grenada County, Mississippi, for four of their top officers to make a career of trying to locate one accused and to thus neglect their many other law enforcement duties.
The facts of each individual case must be considered in applying the law. We found in Cummings v. State of Mississippi, 219 So.2d 673 (Miss. 2/24/69), that Smith v. Hooey, supra, did not apply because the facts were different. We reached the same conclusion in Cummings that we did in McCrory. In Bell v. State of Mississippi, 220 So.2d 287 (Miss.1969), we reached the conclusion that the defendant had been prejudiced by the long delay in bringing him to trial and we discharged the defendant. However, the facts in Bell, just as the facts in Smith v. Hooey, bear no resemblance to the facts in McCrory.
The judgment of affirmance rendered on January 29, 1968, by this Court is reinstated.
Judgment reinstated.
All Justices concur.