Olius McCRORY, Jr., Petitioner,

v.

Thomas D. COOK, Superintendent, Mississippi State Penitentiary, Parchman, Mississippi, Respondent.

No. WC 70–14.

United States District Court,
N. D. Mississippi, W. D.

Aug. 3, 1971.

W. S. Moore, Jackson, Miss., for petitioner.

Guy N. Rogers, Asst. Atty. Gen., State of Miss., Jackson, Miss., for respondent.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

This action involves a habeas corpus proceeding filed by petitioner, an inmate of the Mississippi State Penitentiary, Parchman, Mississippi.

Petitioner is presently serving two consecutive sentences, one for seven (7) years imposed upon him by the Circuit Court of Grenada County, Mississippi on a burglary conviction, the other an eight (8) year sentence imposed upon him by the Circuit Court of Forrest County, Mississippi on a forgery conviction. The Grenada County sentence is the only sentence involved in this action.

Petitioner contends that his conviction and sentence are illegal and void because he was not afforded the speedy trial to which he is entitled by virtue of the Sixth Amendment to the Constitution of the United States.[1]

Petitioner appealed his conviction and sentence to the Mississippi Supreme Court. The conviction was affirmed per curiam.[2]

The Supreme Court of the United States granted certiorari, and on February 24, 1969, vacated the judgment of the Mississippi Supreme Court and remanded the case for further consideration by the court in the light of Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L. Ed.2d 607.[3]

The Mississippi Supreme Court, on reconsideration of the case in light of Smith v. Hooey, on June 2, 1969, reinstated the judgment of conviction entered by the Grenada County Court on January 27, 1967.[4]

The Mississippi Supreme Court denied petitioner a rehearing on July 3, 1969, and on January 26, 1970 denied his application for leave to file a petition for a Writ of Error Coram Nobis.

Petitioner filed his pro se habeas corpus petition in this court on March 25, 1970. Petitioner was not represented by counsel until a privately employed attorney appeared for him on June 15, 1970 and filed an amended petition.

Defendant has filed with his answer a transcript of the proceedings before the Mississippi Supreme Court. The transcript includes the proceedings before the trial court. After a review of the state proceedings, the court directed that an evidentiary hearing be held on January 20, 1971.

The only witnesses to testify at the hearing were plaintiff and the classification officer of the Mississippi State Penitentiary. The action has been submitted to the court on the record made in the case, the evidence introduced at the hearing and briefs of counsel. After consideration of all the same the action is now ripe for decision.

---

1. The Sixth Amendment provides, in part:
   "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial. * * * *"

2. McCrory v. State, 206 So.2d 333 (Miss. 1968).

3. McCrory v. Mississippi, 393 U.S. 532, 89 S.Ct. 881, 21 L.Ed.2d 757 (1969).

4. McCrory v. State, 223 So.2d 625 (Miss. 1969).

The findings of fact and conclusions of law of the court follow in this Memorandum of Decision.

Petitioner and two companions were apprehended by law enforcement officers on the night of November 22, 1961 in the act of burglarizing Duck's Tackle Shop in the City of Grenada, Grenada County, Mississippi. They were arrested and charged with the crime of burglary. Petitioner was released on November 24, 1961 on an appearance bond in the sum of $4,000.00 upon which the United Bonding Insurance Company (Bonding Company) appeared as the surety. The bond required petitioner's appearance to answer the charge at the next term of the Grenada County Court, which convened on the fourth Monday, the 22nd day of January, 1962.[5]

The grand jury returned an indictment against petitioner at the January 1962 Term, but petitioner failed to appear to answer the charge. At the time court convened petitioner was confined in jail in Napoleanville, Louisiana. From Napoleanville petitioner was transferred to the Louisiana State Penitentiary where he was confined until August 25, 1963 when released on parole. The State[6] caused warrants to issue for the arrest of petitioner on January 23, 1962 and again on January 27, 1962. The State did not have knowledge of the whereabouts of petitioner until July 28, 1962 when the Bonding Company requested State Officials to forward a warrant for the arrest of petitioner to Louisiana authorities. The State complied with this request and a detainer on petitioner was placed with Louisiana officials. Thus, it is to be noted that the State did not know the whereabouts of petitioner during the January 1962 term, nor during the July 1962 term, until the sixth day of the term (Saturday, July 28, 1962) when petitioner's Surety requested the State to forward a warrant for the arrest of petitioner to Louisiana authorities. This information came too late in the twelve day term to afford the State a reasonable opportunity to afford petitioner a trial at that term of the court.

Petitioner was released by the Louisiana authorities to officers of the State on August 25, 1963. After taking petitioner into custody, petitioner was released on another appearance bond conditioned for his appearance at the January 1964 term of the court. When the court convened in January and July 1963, petitioner was in custody of Louisiana authorities.

Petitioner did not appear at the January 1964 term of court because he was incarcerated in the jail at Corinth, Alcorn County, Mississippi. This fact was not known to the State authorities, who had information that petitioner was confined to the jail in Harrison County at Gulfport, Mississippi. The State forwarded several warrants for the arrest of petitioner to the Sheriff of Harrison County who advised the court officials at Grenada that he would hold the last warrant issued for petitioner as a detainer against his release.

---

5. In Mississippi Circuit Courts transact business only at regular terms fixed by statute, or at special terms called by the presiding judge pursuant to Section 1646, Miss.Code 1942 Ann. (1956). The Circuit Court of Grenada County has exclusive jurisdiction over felony cases arising in the county and meets twice a year for two-week terms. The court meets on the fourth Monday of January and July for a term of twelve days, or two weeks. (Miss. Code, Ann. § 1399 (Cum.Supp.1970).

6. When in this memorandum reference is made to the "State" the reference is to the Law Enforcement Officers of Grenada County, Mississippi. In Mississippi the sheriff of the county is the chief law enforcing officer of the county. Mississippi does not have a state police force and the district attorney for the district in which the county is situated is the chief prosecuting officer. The court holds that the county law enforcement officers, the district attorney for the district in which Grenada County is situated, and the judge and clerk of the Circuit Court of Grenada County are the only state officials or officers charged with any duty with respect to affording petitioner a "speedy trial".

After sending warrants to the Sheriff of Harrison County the State received information that petitioner was incarcerated in the Alcorn County, Mississippi jail at Corinth. An alias warrant was issued to that county for petitioner's arrest. The warrant was returned with a notation that petitioner had been surrendered by the Alcorn County authorities to the Sheriff of Harrison County. Judgment nisi was taken against the sureties on petitioner's second appearance bond at the January 1964 term of court and a writ of scire facias was issued thereon and served on said sureties. The record does not reflect that the judgment nisi was made final by the court.

Judgment nisi was entered at the January 1965 term on the original bail bond on which the Bonding Company appeared as surety. Responding to the writ, the Bonding Company appeared at the July 1965 term and filed a motion to set aside the judgment nisi. The Bonding Company sought relief because the company had surrendered petitioner to the State authorities in Louisiana. As an additional ground for relief, the Bonding Company alleged that petitioner was incarcerated in the Mississippi State Penitentiary at Parchman at the time the judgment nisi was entered, serving a sentence from the Circuit Court of Harrison County, Mississippi. The court sustained the motion, set aside the judgment nisi, and discharged the Bonding Company.

Thus it is noted that the State received information from the Bonding Company that petitioner was incarcerated in the Harrison County jail. This information was received by the State during the July 1965 term of court, and, at that time detainers had been filed with the Harrison County Sheriff. The record reflects, however, that petitioner was in fact in the Mississippi State Penitentiary during the July 1965 term and that he remained there until he was released on April 14, 1966.

During the month of October 1966 the district attorney charged with the prosecution of petitioner received information that petitioner was incarcerated in the Pascagoula, Mississippi jail. Upon receipt of this information the district attorney arranged for petitioner to be surrendered to the State to be brought to trial in the Grenada County Circuit Court at the January 1967 term. As has already been noted, petitioner was tried and convicted at the January 1967 term.

After his release from the Mississippi State Penitentiary on April 14, 1966, and before his trial in the Grenada County Circuit Court in January 1967 petitioner forged a credit card in Forrest County, Mississippi in violation of Section 2160, Miss.Code Ann. (1956). The act was committed on or about August 30, 1966. After his conviction and sentence in the Grenada County Circuit Court, petitioner was indicted, convicted and sentenced in the Forrest County Circuit Court. Petitioner was indicted at the March 1967 term and convicted and sentenced to an eight (8) year term on August 30, 1967. The judgment of conviction was affirmed on May 27, 1968 by the Mississippi Supreme Court.[7]

In summary it is shown that petitioner was either in jail or in prison at all times (unless it was during the July 1966 term) when the Grenada County Circuit Court was in session from the time of his arrest in November 1961 until his trial in January 1967. The record shows that petitioner was represented by counsel at the time of the return of the indictment and at the time of his trial. Petitioner did not at any time demand a trial by the State. In justification of his failure to demand a trial, petitioner asserts that he did not know or understand that he was guaranteed a speedy and public trial by the Sixth Amendment. Petitioner contends that since he was unaware of his right to a speedy and public trial, he could not constitutionally waive the right.

7. McCrory v. State, 210 So.2d 877 (Miss.1968).

The main thrust of petitioner's contention is that the failure of the State to obtain his release for the purpose of trial from the Louisiana authorities during the period of his incarceration there (January 1962 to August 25, 1963), and from the authorities of the Mississippi State Penitentiary during the time he was detained there (July 1964 to April 1966), deprived him of the constitutional right to a speedy and public trial as provided in the Sixth Amendment.

The facts and circumstances surrounding petitioner's activities from the time of his arrest to the day of his trial make it perfectly clear that the State cannot be charged with failure to exercise due diligence and good faith to afford petitioner a speedy and public trial, unless it is for the periods during which petitioner was confined in prison in Louisiana and Mississippi.

As above noted, petitioner was incarcerated in Louisiana from January 1962 until August 25, 1963. The State did not acquire knowledge of this confinement until July 28, 1962. Thus, the State knew that petitioner was in prison in Louisiana for a period of approximately thirteen (13) months. The State placed a detainer against petitioner with Louisiana authorities. Petitioner was in the Mississippi penitentiary from July 1964 until April 1966, or for a period of twenty-one months. The record does not reflect that Grenada County authorities knew of petitioner's confinement in the Mississippi penitentiary. The evidence justifies, however, the finding that such information was available and could have been made known to the State by the exercise of reasonable diligence.

The United States Supreme Court has dealt extensively in three recent cases [8]

with the rights of citizens of the several states to a speedy public trial, guaranteed by the Sixth Amendment.

These cases are not directly in point with the case sub judice. In each case the State did not honor or respond to the request by the accused for a speedy trial. The fact that the defendant in each case acted affirmatively and sought the trial, was given great weight by the court. Here, petitioner did not, at any time, even while incarcerated in Louisiana and Mississippi, demand or request a trial. In fact, for the most part, petitioner was not afforded a trial because he was incarcerated elsewhere and did not appear in court for trial.

The question involved in *Klopfer*, as stated by the court, was "Whether a State may indefinitely postpone prosecution on an indictment without stated justification *over the objection of an accused who has been discharged from custody*". [Emphasis supplied].[9] The court answered the question in the negative. The court went on to say "we hold here that the right to a speedy trial is as fundamental as any of the rights secured by the Sixth Amendment".[10] That the rights guaranteed by the Sixth Amendment apply to and are to be enforced against the States under the Fourteenth Amendment is no longer open to debate.[11]

In Smith v. Hooey, the court considered the extent of the obligation imposed upon a State by the speedy and public trial guarantee of the Sixth Amendment, where the person under the criminal charge was serving a prison sentence imposed by another jurisdiction.[12] Smith, the petitioner, was indicted in Texas in 1960. He was then and at the time of the rendition of

8. Klopfer v. North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967); Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969); and Dickey v. Florida, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26 (1970).

9. 386 U.S. at 214, 87 S.Ct. at 989, 18 L.Ed. 2d at 3.

10. 386 U.S. at 223, 87 S.Ct. at 993, 18 L.Ed.2d at 8.

11. Pointer v. Texas, 380 U.S. 400, 406, 85 S.Ct. 1065, 13 L.Ed.2d 923, 927–928 (1965); Malloy v. Hogan, 378 U.S. 1, 10, 84 S.Ct. 1489, 12 L.Ed.2d 653, 661 (1964); Klopfer v. North Carolina, supra.

12. Smith v. Hooey was decided January 20, 1969, after petitioner's conviction, which is under attack in this action.

the opinion by the Supreme Court of the United States a federal prisoner at Leavenworth, Kansas. Periodically for the six years after the indictment, by motions, letters, etc., Smith requested a speedy trial. The State took no steps to obtain Smith's appearance in the Texas trial court. Finally, in 1967 Smith moved to dismiss the charges against him for lack of prosecution. In sustaining Smith's petition, the court said:

"There can be no doubt that if the petitioner in the present case had been at large for a six-year period following his indictment, and had repeatedly demanded that he be brought to trial, the State would have been under a constitutional duty to try him. [Citation omitted]. And Texas concedes that if during that period he had been confined in a Texas prison for some other state offense, its obligation would have been no less. But the Texas Supreme Court has held that because petitioner is, in fact, confined in a federal prison, the State is totally absolved from any duty at all under the constitutional guarantee. We cannot agree.

\* \* \*

At first blush it might appear that a man already in prison under a lawful sentence is hardly in a position to suffer from 'undue and oppressive incarceration prior to trial.' But the fact is that delay in bringing such a person to trial on a pending charge may ultimately result in as much oppression as is suffered by one who is jailed without bail upon an untried charge. *First, the possibility that the defendant already in prison might receive a sentence at least partially concurrent with the one he is serving may be forever lost if trial of the pending charge is postponed.* Secondly, under procedures now widely practiced, the duration of his present imprisonment may be increased, and the conditions under which he must serve his sentence greatly worsened, by the pendency of another criminal charge outstanding against him." [Emphasis supplied].[13]

In discussing the state's obligation to afford Smith a speedy trial on his demand therefor, the Supreme Court said that the State of Texas "had a constitutional duty to make a diligent, good-faith effort"[14] to bring Smith before the court for trial.

Dickey v. Florida involved the Sixth Amendment right to a speedy trial of a Florida accused (Dickey), who was tried in 1968 on charges of alleged criminal acts committed in 1960. Shortly after the alleged criminal acts were committed, Dickey was sentenced on a federal charge under which he was incarcerated during the period involved. During this period Dickey made repeated efforts to secure a trial in the State Court. Dickey challenged the power of the State to try him after a lapse of almost eight years during which period he repeatedly demanded and was denied a trial. The Supreme Court vacated Dickey's conviction and directed the dismissal of the proceedings. The court held the delay under the circumstances of the case violated Dickey's constitutionally protected right to a speedy trial.

From what has been said it is apparent that the action sub judice is not controlled by Smith v. Hooey, Dickey v. Florida or Klopfer v. North Carolina. In each of these cases the petitioner affirmatively requested and sought a trial. The petitioner here did not, at any time, request or seek a trial.

█ Petitioner contends that he was ignorant of the fact that he was entitled to a speedy trial, and, therefore, cannot be said to have waived the right, since a person cannot waive a constitutional right of which he is ignorant.

To sustain this contention petitioner cites Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); Boy-

---

13. 393 U.S. at 377, 378, 89 S.Ct. at 577, 21 L.Ed.2d at 611.

14. 393 U.S. at 383, 89 S.Ct. at 579, 21 L.Ed.2d at 614.

kin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) and Gann v. Smith, 318 F.Supp. 409 (N.D.Miss. 1970).

To determine this issue the court must look to the facts in the case. Although petitioner testified that he did not have knowledge of his right to a speedy trial during the time he was incarcerated in Louisiana and Mississippi, the uncontradicted facts lead the court to a different conclusion.

The record reflects that petitioner was represented by counsel at practically every step in the case from the time the indictment was returned until the day of his trial.

Petitioner was represented by attorneys when he was indicted and at the trial. During the period between the indictment and trial, the district attorney talked over the telephone and corresponded with an attorney representing petitioner. The attorney did not request a trial for his client, nor advise the District Attorney that his client was incarcerated in the Mississippi or Louisiana penitentiaries. The reported decision affirming petitioner's conviction in Forrest County, Mississippi (McCrory v. State, 210 So.2d 877 [Miss.1968]) indicates that petitioner was represented by attorneys at his trial in the lower court in 1967. In April 1966, extradition proceedings were held in Greenwood, Mississippi on a requisition from the Governor of the State of Tennessee, who sought petitioner's removal to Hardeman County, Tennessee to answer criminal charges there. Petitioner was represented by an attorney at the hearing.

In sum, petitioner and his several attorneys did not at any time, request a trial. It was only after the State had succeeded in its efforts to locate petitioner and bring him to trial, that a trial was finally held.

The court finds that petitioner was conscious of the fact that the State, at all times, was making a diligent good-faith effort to bring him to trial. Petitioner's silence and that of his attorneys amounted to a conscious and intelligent waiver of the constitutionally protected right to a speedy trial. While petitioner might not have been aware of the source of his right to a speedy trial, the court feels that the circumstances of the case clearly demonstrate that petitioner knew that he was entitled to a trial and that the State was making a diligent and good-faith effort to bring him to trial.

The record reflects that petitioner was apprehended in the act of committing the crime with which he was charged. The delay in the trial could not have prejudiced his rights to a fair trial unless, an earlier trial would have afforded him a reasonable opportunity of receiving a sentence to run concurrent with the one he served from July 1964 until April 1966.

Whether the sentencing judge would have directed that the seven year sentence imposed upon petitioner run concurrently with petitioner's sentence at the penitentiary which he served from July 1964 to April 1966, had petitioner been tried and convicted during this period, is a matter of speculation.

The court finds that petitioner was not prejudiced by the delay of the State in bringing him to trial to the degree that the court is justified in granting the writ. To grant the writ in this action would be tantamount to discharging petitioner from the consequences of his wilful, unlawful and felonious act, the imposition of which was delayed by petitioner's own conduct.

The court is of the opinion and so finds that the State performed the constitutional duty imposed upon it by Smith v. Hooey to make a "diligent, good-faith effort"[15] to bring petitioner before the Grenada County Circuit Court for trial, and that this Court should not interfere with the judgment and sentence of the State Court.

An order will be entered overruling and denying the petition.

15. 393 U.S. 383, 89 S.Ct. 575, 21 L.Ed.2d 614.